WILLIAM H. WILSON *v.* PLANNING AND
ZONING COMMISSION OF THE TOWN
OF EAST GRANBY ET AL.
(SC 16136)

Sullivan, C. J., and Borden, Norcott, Vertefeuille and Zarella, Js.

Argued January 16—officially released May 28, 2002

*Fatima T. Lobo*, for the appellant (plaintiff).

*Donald R. Holtman*, for the appellees (defendants).

*Opinion*

ZARELLA, J. The sole issue in this certified appeal is whether the failure of the named defendant,[1] the planning and zoning commission of the town of East Granby (commission), to publish notice of a zone change decision prior to its effective date, pursuant to General Statutes § 8-3 (d),[2] renders the zone change

---

[1] Elisabeth W. Birmingham, the town clerk of East Granby, also was named as a defendant in this case.

[2] General Statutes § 8-3 (d) provides: "Zoning regulations or boundaries or changes therein shall become effective at such time as is fixed by the zoning commission, provided a copy of such regulation, boundary or change shall be filed in the office of the town, city or borough clerk, as the case may be, but, in the case of a district, in the office of both the district clerk and the town clerk of the town in which such district is located, and notice of the decision of such commission shall have been published in a newspaper having a substantial circulation in the municipality before such effective date. In any case in which such notice is not published within the fifteen-

void. We conclude that the language of § 8-3 (d) requiring such publication is mandatory and that the commission's failure to comply therewith renders the zone change void. Accordingly, we reverse the judgment of the Appellate Court to the contrary.

The following undisputed facts and procedural history are relevant to this appeal. On April 2, 1996, the commission approved its own application to rezone certain parcels of land located in the town of East Granby from agricultural to industrial use. The commission selected April 11, 1996, as the effective date of its zone change decision. At the commission's direction, notice of the decision was published in The Valley News[3] on April 11, 1996, the same date on which the zone change was to become effective.

Thereafter, the plaintiff, William H. Wilson,[4] appealed from the commission's decision to the Superior Court, claiming, inter alia, that publication of notice of the commission's zone change decision was improper. The trial court concluded, as a matter of law, that the language of § 8-3 (d), which requires publication of a zone change decision prior to its effective date, is mandatory and, therefore, that the commission's failure to publish its decision in accordance with § 8-3 (d) rendered the zone change void. Consequently, the trial court sustained the plaintiff's appeal and directed the commission to vacate the zone change.

The commission appealed from the trial court's judgment to the Appellate Court. Although the Appellate Court concluded that the zone change was not effective "[b]ecause the commission [had] failed to carry out the

day period after a decision has been rendered, any applicant or petitioner may provide for the publication of such notice within ten days thereafter."

[3] The Valley News is a newspaper with weekly circulation in Avon, Farmington, East Granby, Granby and Simsbury.

[4] Wilson is the owner of one of the parcels of land affected by the commission's zone change.

statutory mandate to publish notice before the effective date fixed by the commission"; *Wilson* v. *Planning & Zoning Commission*, 53 Conn. App. 182, 185, 729 A.2d 791 (1999); it disagreed with the trial court that the provision requiring "publication of notice *prior to the effective date* was mandatory." (Emphasis in original.) Id., 189. The Appellate Court reasoned that "[p]ublication of notice prior to the effective date . . . is not of the essence of the purpose to be accomplished by § 8-3 (d)"; id.; and, thus, "while publication is unmistakably required, the language providing for publication prior to the effective date . . . is directory." Id., 190. The Appellate Court concluded that, under § 8-3 (d), "[a] defect in publishing notice prior to the effective date does not void the commission's decision and [that the defect] can readily be corrected." Id. According to the Appellate Court, the zone change "could become effective when the notice is properly published." Id., 191. Consequently, the Appellate Court reversed the judgment of the trial court and remanded the case "to [that] court with direction to render judgment remanding the case to the commission for the purpose of fixing a new effective date pursuant to § 8-3 (d) and . . . publish[ing] another notice prior to the new fixed effective date." Id. We granted the plaintiff's petition for certification to appeal limited to the issue of whether the Appellate Court properly concluded that the commission's zone change was not rendered void notwithstanding the commission's failure to comply with § 8-3 (d). *Wilson* v. *Planning & Zoning Commission*, 249 Conn. 927, 733 A.2d 850 (1999).

Whether the commission's failure to comply with § 8-3 (d) rendered the zone change void is an issue of statutory interpretation over which our review is plenary. E.g., *Hammond* v. *Commissioner of Correction*, 259 Conn. 855, 861, 792 A.2d 774 (2002). General Statutes § 8-3 (d) provides in relevant part: "Zoning regula-

tions or boundaries or changes therein shall become effective at such time as is fixed by the zoning commission, provided a copy of such regulation, boundary or change shall be filed in the office of the town, city or borough clerk, as the case may be . . . and notice of the decision of such commission shall have been published in a newspaper having a substantial circulation in the municipality before such effective date. In any case in which such notice is not published within the fifteen-day period after a decision has been rendered, any applicant or petitioner may provide for the publication of such notice within ten days thereafter."

We previously addressed the effect of a plan and zoning commission's failure to publish notice of a zone change prior to its effective date in *State ex rel. Capurso* v. *Flis*, 144 Conn. 473, 133 A.2d 901 (1957) (*Capurso*). In *Capurso*, the Farmington plan and zoning commission had voted to approve a change in the zone status of certain property from business to residential, but failed to comply with the notice requirements of General Statutes (1949 Rev.) § 838;[5] *State ex rel. Capurso*

---

[5] General Statutes (1949 Rev.) § 838 provides in relevant part: "[The] zoning commission shall provide for the manner in which such regulations and the boundaries of zoning districts shall be respectively enforced and established and amended or changed. No such regulation or boundary shall become effective or be established until after a public hearing in relation thereto held by the zoning commission . . . . Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days and the last not less than two days before such hearing, and a copy of such proposed regulation or boundary shall be filed in the office of the town clerk in such municipality for public inspection at least fifteen days before such hearing, and may be published in full in such paper. Such regulations and boundaries may, from time to time, be amended, changed or repealed by such zoning commission. . . . *Zoning regulations or boundaries or changes therein shall become effective at such time as may be fixed by the zoning commission, provided notice thereof shall have been published in a newspaper having a substantial circulation in the municipality at least seven days before such effective date.* . . ." (Emphasis added.)

v. *Flis*, supra, 479; a predecessor statute of § 8-3 (d). Specifically, the plan and zoning commission in *Capurso* neither filed a copy of the proposed zone change with the town clerk's office at least fifteen days before the public hearing on the matter nor published notice of its decision at least seven days before the effective date of the zone change. Id., 481. "The [plan and zoning] commission voted that the changes were to become effective on April 27, 1950, and that notice of that effective date should be published on April 27, 1950, in The Farmington Valley Herald." (Internal quotation marks omitted.) Id., 479.

We concluded that the failure to comply with the notice requirements of § 838 rendered the zone change in *Capurso* invalid. Id., 481. We reasoned that "[c]ompliance with the statutory procedure was a prerequisite to any valid and effective change in zonal boundaries." Id. Inasmuch as the plan and zoning commission had failed to comply with those statutory procedures, its zone change was void.[6] See id. Because the present case

In 1951, § 838 was amended and the requirement that the zone change be published at least seven days prior to the effective date of the zoning commission's decision was eliminated in favor of the following: "Zoning regulations or boundaries or changes therein shall become effective at such time as may be fixed by the zoning commission, provided notice thereof shall have been published in a newspaper having a substantial circulation in the municipality . . . before such effective date." General Statutes (Sup. 1951) § 157b. As evidenced by the language of § 8-3 (d), this publication requirement has since remained unchanged.

[6] The legislature has amended General Statutes § 8-3 and its predecessors several times since the release of our decision in *Capurso*. For example, Public Acts 1989, No. 89-356, § 10, amended subsection (d) of § 8-3 to allow any petitioner or applicant to publish notice of a zoning commission's decision within ten days following a zoning commission's failure to publish notice within fifteen days of its decision. This amendment, which currently can be found in § 8-3 (d), suggests that this may be the only circumstance under which a defect of notice is curable. The present case, however, does not fall within that circumstance.

falls squarely within the rule articulated in *Capurso*, we agree with the trial court that the commission's change in the zone status of certain parcels of land, including the plaintiff's parcel, was invalid.

We also reject the Appellate Court's conclusion that the commission can retroactively validate an otherwise invalid zone change by fixing a new effective date and publishing notice of its decision prior to that date. See *Wilson* v. *Planning & Zoning Commission*, supra, 53 Conn. App. 191; see also *Akin* v. *Norwalk*, 163 Conn. 68, 75, 301 A.2d 258 (1972) (affirming trial court's rejection of pro forma reapproval and publication of invalid decision to approve subdivision application). The Appellate Court reasoned that, because "the fixing of a specific effective date is discretionary, the date of notice is . . . also discretionary." *Wilson* v. *Planning & Zoning Commission*, supra, 190. We disagree.

Although § 8-3 (d) vests the commission with discretion in setting the effective date of a zone change, § 8-3 (d) does not similarly vest the commission with discretion in fixing the date of publication of the notice of the commission's zone change decision. By its terms, § 8-3 (d) provides a limited time within which the commission must give notice of its decision. A failure to comply with the statutory publication requirements renders the zone change void. Cf. *Lynch* v. *Muzio*, 204 Conn. 60, 66, 526 A.2d 1336 (1987) ("specific statutory requirements for notice [must] be strictly followed . . . [to ensure] that interested parties receive reasonable notice of an administrative agency decision" [citations omitted]). In the absence of a validating statute, the commission cannot retroactively make legal what is otherwise illegal and void. But cf. *Gil* v. *Courthouse One*, 239 Conn. 676, 689, 687 A.2d 146 (1997). We, there-

fore, conclude that the Appellate Court improperly determined that the commission could perfect its zone change notwithstanding the mandatory language of § 8-3 (d).

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to affirm the judgment of the trial court.

In this opinion the other justices concurred.