JAMES R. LEVANDOSKI *v.* DOUGLAS CONE
(SC 16843)

Borden, Norcott, Palmer, Vertefeuille and Zarella, Js.

---

Argued October 21, 2003—officially released February 24, 2004

*William J. Melley III*, for the appellant (defendant).

*Kathryn Calibey*, with whom were *Douglas W. Hammond* and, on the brief, *John J. Houlihan, Jr.*, for the appellee (plaintiff).

*Opinion*

BORDEN, J. The common-law "firefighter's rule" provides, in general terms, that a firefighter or police officer who enters private property in the exercise of his duties occupies the status of a licensee and, therefore, is owed

a duty of care by the property owner that is less than that owed to an ordinary invitee. *Furstein* v. *Hill*, 218 Conn. 610, 615, 590 A.2d 939 (1991). Thus, under the firefighter's rule, the landowner generally owes the firefighter or police officer injured on his property "only the duty not to injure him wilfully or wantonly . . . ." Id., 616. The principal issue in this appeal is whether the firefighter's rule should be extended beyond the scope of premises liability so as to bar a police officer from recovering, based on a claim of ordinary negligence, from a tortfeasor who is neither an owner nor a person in control of the premises. The defendant, who is not a landowner or person in control of land, appeals[1] from the judgment of the trial court, following a jury trial, in favor of the plaintiff, a police officer who was injured by the defendant's negligent conduct on the land of another person. We conclude that the firefighter's rule should not be so extended and, accordingly, we affirm the judgment of the trial court in favor of the plaintiff.

The plaintiff, James R. Levandoski, a member of the East Lyme police department, brought this action against the defendant, Douglas Cone, for injuries negligently caused by the defendant while the plaintiff was pursuing the defendant on private property. The plaintiff's employer, the town of East Lyme (town), filed a motion to intervene as a party plaintiff seeking reimbursement of workers' compensation benefits it had paid to the plaintiff, which the court granted. Thereafter, the plaintiff filed an offer of judgment, which the defendant did not accept. After a jury trial and a verdict for the plaintiff, the defendant moved to set aside the verdict and for judgment notwithstanding the verdict,

---

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

which the court denied.[2] Thereafter, the town, with the court's permission, withdrew its intervening complaint because it had reached a settlement with the plaintiff regarding the amount of its workers' compensation lien reimbursement. The trial court denied the defendant's request for a reduction in the amount of the verdict by the amount of the lien, awarded prejudgment interest on the verdict, and rendered judgment for the plaintiff accordingly.

The defendant claims that the trial court improperly: (1) denied his motions for a directed verdict and for judgment notwithstanding the verdict because the plaintiff's action was barred by the firefighter's rule; (2) denied his motions because the plaintiff failed to prove proximate cause; and (3) awarded prejudgment interest to the plaintiff. We conclude that: (1) the firefighter's rule does not apply to this case;[3] (2) there was sufficient evidence to establish proximate cause; and (3) the court properly awarded prejudgment interest.

The jury reasonably could have found the following facts. On May 15, 1996, the plaintiff was a police officer of the town. At approximately 11 p.m., in response to a neighbor's complaint about a noisy party taking place at the home of David Baskin on Hillwood Drive, the plaintiff and another officer went to that residence, intending to end the party rather than to make arrests. When they arrived at the residence, they approached the house from different sides in order to observe the party. The plaintiff, watching from behind bushes and

---

[2] The defendant also moved for a directed verdict, and the court reserved judgment on that motion. The court's ruling on the postverdict motions in effect constituted a denial of that motion as well.

[3] The defendant also claims that, if the firefighter's rule applied to this case, the court should have instructed the jury that the plaintiff could recover only if he proved that there was independent negligence by the defendant subsequent to the plaintiff's arrival on the property. In view of our conclusion that the firefighter's rule does not apply to this case, we need not consider this claim.

a tree, saw a group of young persons playing basketball, and heard music and noise. He then heard someone announce the arrival of the police, and saw cans of what he assumed was beer being discarded.

The plaintiff then saw the defendant retrieve some items from a bag in the garage, walk down the driveway while peering over his shoulder, and then put some sandwich size plastic baggies in his pants. The plaintiff believed that the baggies contained marijuana. The plaintiff, who had changed his position to behind a car, then stepped out from behind the car, turned his flashlight on the defendant, and requested that he remove the baggies from his pants. The defendant, in order to avoid being arrested, then began to run away toward some woods, and the plaintiff ordered him to stop. The defendant continued to run, and the plaintiff pursued him into the woods. Just as the plaintiff was about to apprehend the defendant, the plaintiff fell off of a ledge onto some rocks. As a result of the fall, the plaintiff suffered severe injuries to his hip and knee, including lacerations, dislocation of the hip, and a 20 percent permanent disability of his lower right leg.

During the course of the litigation, the town intervened to recover the amount of its workers' compensation lien, and the plaintiff filed an offer of judgment in the amount of $100,000, which the defendant did not accept. The jury rendered a verdict in favor of the plaintiff in the total amount of $147,535, which consisted of $65,000 in noneconomic damages and $82,535 in economic damages. The trial court denied the defendant's postverdict motions, and granted the town's request for permission to withdraw its intervening complaint because it had reached a settlement with the plaintiff in the amount of $58,000 with respect thereto. Thereafter, the court denied the defendant's request to reduce the award by the amount of the town's lien, and awarded

the plaintiff prejudgment interest on the verdict pursuant to General Statutes § 52-192a.[4] This appeal followed.

## I

We first address the defendant's claim that the trial court improperly denied his motions for a directed ver-

[4] General Statutes § 52-192a provides: "(a) After commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, the plaintiff may, not later than thirty days before trial, file with the clerk of the court a written 'offer of judgment' signed by the plaintiff or the plaintiff's attorney, directed to the defendant or the defendant's attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain. The plaintiff shall give notice of the offer of settlement to the defendant's attorney or, if the defendant is not represented by an attorney, to the defendant himself or herself. Within sixty days after being notified of the filing of the 'offer of judgment' and prior to the rendering of a verdict by the jury or an award by the court, the defendant or the defendant's attorney may file with the clerk of the court a written 'acceptance of offer of judgment' agreeing to a stipulation for judgment as contained in plaintiff's 'offer of judgment'. Upon such filing, the clerk shall enter judgment immediately on the stipulation. If the 'offer of judgment' is not accepted within sixty days and prior to the rendering of a verdict by the jury or an award by the court, the 'offer of judgment' shall be considered rejected and not subject to acceptance unless refiled. Any such 'offer of judgment' and any 'acceptance of offer of judgment' shall be included by the clerk in the record of the case.

"(b) After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in the plaintiff's 'offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

dict and for judgment notwithstanding the verdict because of the firefighter's rule.[5] Although the defendant recognizes that the rule has its origins in claims based on premises liability, he argues, nonetheless, that it should be extended to nonpremises liability cases, such as the present case. We are not persuaded.

We begin our analysis with an overview of the history of and policies underlying the firefighter's rule. This court first applied the firefighter's rule in *Roberts* v. *Rosenblatt*, 146 Conn. 110, 148 A.2d 142 (1959). In that case, the plaintiff firefighter, who had responded to an alarm, sought to recover from the defendant landowners based upon the defendants' negligent maintenance of their property. Id., 113. The trial court declined the defendants' request "to charge the jury, as a matter of law, that the plaintiff was a licensee upon the defendant's property and that the duty which the defendants owed to the plaintiff was limited by that relationship." Id., 111. This court stated: "Upon these facts, the court should have instructed the jury as a matter of law that the plaintiff entered upon the premises in the perfor-

---

Although § 52-192a was amended subsequent to trial in this case by No. 01-71, § 1, of the 2001 Public Acts to include technical changes, those changes are not relevant to this appeal. References herein are to the current revision of § 52-192a.

[5] In denying the defendant's motions, the trial court reasoned that the firefighter's rule should be extended to nonpremises liability cases, but that the so-called "subsequent negligence" exception to the rule would also apply. Under that exception, a police officer is not treated as a licensee when the defendant engages in negligent acts after the police officer arrives at the scene. Therefore, the trial court denied the defendant's motions, not because of the inapplicability of the rule, but because in its view the facts of the case brought the case within the exception to the rule. We affirm the trial court's rulings on the motions on the alternate ground that the firefighter's rule simply does not apply. See, e.g., *State* v. *DeLoreto*, 265 Conn. 145, 153, 827 A.2d 671 (2003) ("[w]here the trial court reaches a correct decision but on [mistaken] grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it" [internal quotation marks omitted]). Thus, we need not decide whether the "subsequent negligence" exception to the rule applies in this state.

mance of a public duty under a permission created by law and that his status was akin to that of a licensee and the defendants owed him no greater duty than that due a licensee." Id., 113.

In *Furstein* v. *Hill*, supra, 218 Conn. 610, we considered whether to extend the firefighter's rule to a police officer. We phrased the issue as "whether a police officer occupies the status of an invitee or of a licensee when, in the course of performing his official duties, he is injured by a defective condition on the property of a landowner." Id., 612. We read *Roberts* as "adopt[ing] the principle expressed in the Restatement (Second) of Torts, § 345 (1), that 'the liability of a possessor of land to one who enters the land only in the exercise of a privilege, for either a public or a private purpose, and irrespective of the possessor's consent, is the same as the liability to a licensee.' 2 Restatement (Second), Torts (1965) § 345 (1), pp. 226–27." *Furstein* v. *Hill*, supra, 615. We concluded that the rule applies to police officers as well as firefighters. Id., 616. In doing so, we gave three reasons for extending the rule to police officers. Id., 616–20. Of the three reasons, the first we characterized as "[t]he most compelling argument"; id., 616; and the second and third we described as having been adopted by other jurisdictions as rationales for the firefighter's rule. Id., 617–20.

The first reason was cast in terms of the similarity of the roles of firefighters and police officers, and the reasonable expectations of landowners regarding those two types of public officers. We stated: "[F]irefighters and police officers often enter property at unforeseeable times and may enter unusual parts of the premises under emergency circumstances. *Kreski* v. *Modern Wholesale Electric Supply Co.*, [429 Mich. 347, 368, 415 N.W.2d 178 (1987)]; *Nared* v. *School District of Omaha*, 191 Neb. 376, 379–80, 215 N.W.2d 115 (1974); 2 Restatement (Second), [supra, § 345 (1), p. 228, com-

ment (c)]. Such public officers enter the land regardless of the owner's consent; indeed, if the conditions for the exercise of their public duty exist, the owner would not be privileged to exclude them. *Shypulski* v. *Waldorf Paper Products Co.*, 232 Minn. 394, 396, 45 N.W.2d 549 (1951); *Scheurer* v. *Trustees of the Open Bible Church*, 175 Ohio St. 163, 168, 192 N.E.2d 38 (1963); 5 F. Harper, F. James & O. Gray, The Law of Torts (2d Ed. 1986) § 27.14, p. 260. Recognizing that only invitees may rely on an implied representation of safety, courts have considered it unreasonable to require landowners to undertake the same standard of care for public officers whose presence the landowners can neither predict nor interdict. 'There would be an obvious hardship in holding otherwise, because landowners would then be under compulsion to keep all parts of their premises in a condition perhaps uncalled for by the normal use to which the premises are devoted.' *Shypulski* v. *Waldorf Paper Products Co.*, supra, 397; see also 2 Restatement (Second), [supra, § 345 (1), p. 228, comment (c)]." *Furstein* v. *Hill*, supra, 218 Conn. 616–17.

The second reason was essentially a reiteration of the doctrine of assumption of the risk. We noted: "Several jurisdictions have explained their adoption of the firefighter's rule by recognizing the inherently hazardous nature of the public safety work performed by firefighters and police officers. Some courts have characterized this recognition as a variant of the doctrine of 'assumption of the risk'; see *Krauth* v. *Geller*, 31 N.J. 270, 273–74, 157 A.2d 129 (1960); while others have noted that firefighters and police officers voluntarily choose to enter their professions knowing that they will often confront physically perilous situations created by the negligence of the public they serve." *Furstein* v. *Hill*, supra, 218 Conn. 617–18.

The third reason rested upon the combination of the avoidance of double taxation upon landowners and the

availability of workers' compensation benefits to compensate the injured firefighter or police officer. In this regard, we stated: "[P]ermitting firefighters and police officers to recover in tort for occupational injuries caused by the negligence of particular members of the public whom the officer is called upon to aid would impose a double burden on the taxpayers, who already pay such officers to deal with the hazards that may result from the taxpayers' own future acts of negligence. 'Exposing the negligent taxpayer to liability for having summoned the police would impose upon him multiple burdens for that protection.' *Berko* v. *Freda*, [93 N.J. 81, 87–88, 459 A.2d 663 (1983)]. To avoid this potential for double liability, in taxes and in tort, most courts have concluded that the public as a whole, rather than individual landowners, should bear the burden of the foreseeable losses incurred when firefighters or police officers are injured in the performance of their duties. As more than one court has observed, the public should compensate its safety officers both in pay that reflects the hazard of their work and in workers' compensation benefits for injuries suffered when the risks inherent in the occupation materialize." *Furstein* v. *Hill,* supra, 218 Conn. 618–19.

This background persuades us that the rule should not be extended to a nonpremises liability case, such as the present appeal. Because the firefighter's rule is an exception to the general rule of tort liability that, as between an innocent party and a negligent party, any loss should be borne by the negligent party, the burden of persuasion is on the party who seeks to extend the exception beyond its traditional boundaries. The history of and rationales for the rule persuade us, however, that it should be confined to claims of premises liability.

First, the firefighter's rule is essentially a rule of premises liability. The distinction upon which it rests, namely, whether the plaintiff is an invitee or licensee,

is itself a distinction that exists in our law only with regard to claims based upon premises liability, and the differing duties of care that emanate from those distinctions are cast in terms of a landowner's duty to persons on his or her land. We have recognized that the rule is "directly applicable [to] an issue of landowner liability . . . ." *Lodge* v. *Arett Sales Corp.*, 246 Conn. 563, 580 n.12, 717 A.2d 215 (1998). We have declined to extend the rule to a case in which the plaintiff firefighters sought to recover damages from the defendant alarm company for injuries and death sustained as a result of a collision caused by the negligent maintenance and failure of brakes on their fire engine while responding to a false alarm transmitted by the defendant. Id., 585–86. This essential link to a landowner's liability, as we explained in *Furstein*, is the most compelling argument for the rule, because of the reasonable expectations of landowners, and because of the ensuing hardship that would be visited upon a landowner in the absence of the rule. Indeed, we have reiterated that this is "[t]he most compelling argument for the continuing validity of the rule . . . ." (Internal quotation marks omitted.) *Morin* v. *Bell Court Condominium Assn.*, 223 Conn. 323, 328, 612 A.2d 1197 (1992). This argument simply does not apply if the defendant is not a landowner. Indeed, neither the differing status of the plaintiff nor the reasonable expectations of the defendant are relevant if the plaintiff is not engaged in entering the land of the defendant. It would be anomalous, therefore, to extend the rule to a case in which the most compelling argument for the rule is inapplicable.

Second, to the extent that the firefighter's rule rests on the doctrine of assumption of the risk, it would be inconsistent with the policy of our general tort law to extend the rule beyond its present confines. That policy is expressed in General Statutes § 52-572h,[6] pursuant

---

[6] General Statutes § 52-572h, which describes the doctrines applicable in negligence actions and the liability of multiple tortfeasors for damages,

to which the legislature has abolished the doctrine of assumption of the risk in negligence actions. Section 52-572h (*l*) provides: "The legal doctrines of last clear chance and assumption of risk in actions to which this section is applicable are abolished." Subsection (b) of § 52-572h makes the statute applicable to "causes of action based on negligence . . . ." The present action is "[a cause] of action based on negligence . . . ." General Statutes § 52-572h (b).

Third, to the extent that the firefighter's rule rests on the avoidance of double taxation of the landowner and the presence of workers' compensation benefits for the injured firefighter or police officer, the rationale does not apply to the present case. The defendant is not a taxpayer, as is a landowner who pays taxes on his or her property. Of course, although in any given case a negligent tortfeasor who injures a firefighter or police officer may also pay taxes to the local municipality, that fact would be wholly fortuitous. The point of the rule, however, is that the landowner who owes a lesser degree of duty to the police officer who enters his or her land has that benefit because, as a landowner, he or she also indirectly pays the salary of the officer through property taxes. Furthermore, we are not persuaded that, simply because the firefighter or police officer has recourse to workers' compensation benefits, he or she should not also be able to recover from a

provides in relevant part: "(b) In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person or the person's legal representative to recover damages resulting from personal injury, wrongful death or damage to property if the negligence was not greater than the combined negligence of the person or persons against whom recovery is sought including settled or released persons under subsection (n) of this section. The economic or noneconomic damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering which percentage shall be determined pursuant to subsection (f) of this section. . . .

"(*l*) The legal doctrines of last clear chance and assumption of risk in actions to which this section is applicable are abolished. . . ."

third party based on negligence. We do not ordinarily put such an elevated burden on recovery where, for example, the third party is a product manufacturer, and we see no persuasive reason to do so in the context of the present case. In addition, as the present case indicates, permitting the plaintiff to recover for the defendant's negligence will tend to reduce workers' compensation costs by permitting the plaintiff's employer to recoup those benefits.

We disagree, therefore, with the contention of the defendant that the rationales for the firefighter's rule justify extending it to the present case. We also disagree with the defendant's reliance on *Kaminski* v. *Fairfield*, 216 Conn. 29, 38–39, 578 A.2d 1048 (1990). In that case, we held that homeowners, who had summoned mental health workers to their home to evaluate their mentally ill son, had no duty to warn a police officer, who accompanied the mental health workers, of the son's dangerous and violent propensities. Id., 36–37. First, that case did not present the applicability of the firefighter's rule to a nonlandowner. Second, although, in rejecting the claim of a duty to warn, we used language and cited some out-of-state cases that appear to apply beyond the confines of landowner's liability; see, e.g., id., 38–39; our principal rationale was consistent with the limitation of the rule to premises liability cases, namely, the risk of double taxation. Thus, we stated: "Exposing the negligent taxpayer to liability for having summoned the police would impose upon him multiple burdens for that protection." (Internal quotation marks omitted.) Id., 39. Similarly, we disagree with the defendant's suggestion that we ought to extend the firefighter's rule beyond situations in which the plaintiff is injured while on the defendant's land; instead, we agree with those jurisdictions that have framed the rule as one that relates specifically to premises liability and defines the duty owed by *an owner or occupier of land*. See, e.g.,

*Syracuse Rural Fire District* v. *Pletan*, 254 Neb. 393, 401, 577 N.W.2d 527 (1998) (" 'firemen . . . on the premises of an owner or occupant is a bare licensee' "); *Moreno* v. *Marrs*, 102 N.M. 373, 376, 695 P.2d 1322 (App. 1984) (rule states duty of owner or occupier of land owed to firemen); *Rogers* v. *Cato Oil & Grease Co.*, 396 P.2d 1000, 1004 (Okla. 1964) (rule concerns property owners' duty to fireman); *Allen* v. *Albright*, 43 S.W.3d 643, 647 (Tex. App. 2001) (fireman treated as licensee for premises liability purposes).

## II

The defendant next claims that there was insufficient evidence on which the jury reasonably could have found that the plaintiff's injuries were caused by the defendant's negligence. Specifically, the defendant contends that he reasonably could not have foreseen that his conduct would cause the plaintiff to be harmed. We disagree.

We agree with the trial court, and the plaintiff, that it was reasonably foreseeable that the plaintiff could be injured in pursuing the fleeing defendant. The defendant does not contend that he had a right to disregard the plaintiff's order to stop, and to continue to flee. Thus, as the plaintiff aptly argues, "common sense suggests that one who takes off running into the dark to flee from a police officer, who had ordered him to stop, ought to know that the pursuing officer could be injured scrambling through obstacles and over unlit terrain."

## III

Finally, the defendant claims that the trial court improperly awarded prejudgment interest on the jury's award pursuant to § 52-192a,[7] because the plaintiff's net recovery, after payment of the town's workers' compensation lien, would have been less than the offer of judg-

---

[7] See footnote 4 of this opinion for the text of § 52-192a.

ment. This claim is controlled by *Cardenas* v. *Mixcus*, 264 Conn. 314, 823 A.2d 321 (2003), which was decided while the appeal in the present case was pending. In that case, we held that offer of judgment interest awarded pursuant to § 52-192a must be based on the amount of the jury verdict, and not on the amount of the judgment after apportionment of the damages between the employee and the employer. Id., 323.

The judgment is affirmed.

In this opinion the other justices concurred.