# DEBRA ACCETTULLO *v.* WORCESTER INSURANCE COMPANY
## (SC 16506)

Norcott, Katz, Palmer, Vertefeuille and Pellegrino, Js.

Argued May 24—officially released July 17, 2001

*James J. Carroll*, for the appellant (defendant).

*R. Christopher Meyer*, with whom, on the brief, was *John H. Barton*, for the appellee (plaintiff).

*Opinion*

NORCOTT, J. The dispositive issue in this appeal is whether an insurer is obligated to pay offer of judgment interest when the insurance policy between the insurer and the insured does not expressly provide for it. The defendant, Worcester Insurance Company, appeals[1] from the judgment of the trial court granting the motion of the plaintiff, Debra Accettullo, for offer of judgment interest pursuant to General Statutes § 52-192a,[2] and

---

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

[2] General Statutes § 52-192a provides: "Offer of judgment by plaintiff. Acceptance by defendant. Computation of interest. (a) After commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, the plaintiff may before trial file with the clerk of the court a written 'offer of judgment' signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain. The plaintiff shall give notice of the offer of settlement to the defendant's attorney, or if the defendant is not represented by an attorney, to the defendant himself. Within thirty days after being notified of the filing of the 'offer of judgment' and prior to the rendering of a verdict by the jury or an award by the court, the defendant or his attorney may file with the clerk of the court a written 'acceptance of offer of judgment' agreeing to a stipulation for judgment as contained in plaintiff's 'offer of judgment'. Upon such filing, the clerk shall enter judgment immediately on the stipulation. If the 'offer of judgment' is not accepted within thirty days and prior to the rendering of a verdict by the jury or an award by the court, the 'offer of judgment' shall be considered rejected and not subject to acceptance unless refiled. Any such 'offer of judgment' and any 'acceptance of offer of judgment' shall be included by the clerk in the record of the case.

"(b) After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment', the court shall add to the amount so recovered twelve per cent

awarding costs to the plaintiff. The defendant contends that the insurance policy provides coverage for the payment of compensatory damages only and, therefore, it is not contractually obligated to pay offer of judgment interest. We disagree and, accordingly, we affirm the judgment of the trial court.

The record discloses the following undisputed facts. The plaintiff was driving her father's car when she was seriously injured in an accident caused by the negligence of an underinsured driver. After recovering $25,000 from the tortfeasor, the plaintiff brought this action against the defendant for underinsured motorist coverage under her father's policy. The limit of the underinsured motorist coverage was $500,000. Prior to trial, the plaintiff filed an offer of judgment in the amount of $450,000, which the defendant rejected.

A full trial was conducted before an attorney trial referee, who issued a memorandum of decision in favor of the plaintiff. Both parties filed motions to correct certain aspects of the memorandum of decision, and the trial referee did so. In her corrected memorandum of decision, the attorney trial referee concluded that the plaintiff should be awarded damages in the amount of $475,000. The defendant filed an objection to the decision. Thereafter, the plaintiff filed a motion for the

annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

trial court to add offer of judgment interest pursuant to § 52-192a (b). The defendant filed an objection to this request as well.

The trial court, *Melville, J.,* conducted a hearing to determine whether judgment should be entered pursuant to the attorney trial referee's memorandum of decision and to rule on the motions. The court ultimately adopted the attorney trial referee's conclusions and rendered judgment for the plaintiff in the amount of $475,000. In addition, the court granted the plaintiff's motion for offer of judgment interest and awarded an additional $108,220.48.[3] The court, subsequently, assessed costs against the defendant pursuant to the plaintiff's request. The defendant did not object to the assessment of these costs.

The defendant appealed, limited to the following issues: (1) whether the trial court improperly awarded the plaintiff offer of judgment interest where the defendant claims that the underinsured motorist provisions of the insurance policy provide for the payment of compensatory damages only, and that it was not contractually obligated to pay offer of judgment interest; and (2) whether the trial court improperly taxed costs against the defendant. We conclude that the trial court properly awarded offer of judgment interest and we do not address the second issue.

The defendant argues that whether offer of judgment interest may be awarded is a contractual question that may be resolved simply by reviewing the language of the insurance policy, which, it contends, does not provide for interests, costs or attorney's fees for the defense of a claim. The plaintiff counters that the purpose of § 52-192a is punitive and unrelated to the substantive issues in the case, namely, whether the contractual

---

[3] We note that the insurance policy does not expressly exclude coverage for an award of prejudgment interest.

limitations set forth by the insurance policy preclude coverage for interest. She contends that this statutory provision is a penalty analogous to an award of court costs and, therefore, cannot be limited under the coverage of the insurance policy in the same way as damages could be. We agree with the plaintiff.

Our Appellate Court previously has examined the statutory provision presently under scrutiny. In *Paine Webber Jackson & Curtis, Inc.* v. *Winters*, 22 Conn. App. 640, 641, 579 A.2d 545, cert. denied, 216 Conn. 820, 581 A.2d 1055 (1990), the defendant received an interest free loan from the plaintiff as consideration for joining the plaintiff's firm. The loan was secured by two promissory notes due at the end of five years. Id. Prior to that time, however, the plaintiff fired the defendant for wilful misconduct, which, according to the notes, enabled the plaintiff to accelerate the debt. Id., 642. The plaintiff did so and the defendant's refusal to repay the loan resulted in an action to collect the amount owed on the notes. Id.

The plaintiff subsequently filed an offer of judgment, which was refused by the defendant. Id. The jury ultimately returned a verdict for the plaintiff in excess of the amount of the offer of judgment. Id. The plaintiff moved for an award of interest pursuant to § 52-192a, but the trial court denied the motion concluding that prejudgment interest on the debt was barred under the terms of the notes at issue. Id., 643. The Appellate Court reversed the trial court judgment denying interest, concluding that interest awarded pursuant to § 52-192a is not an award of interest on a debt, nor does it involve the determination of substantive contract issues. Id., 650. Rather, the court explained, § 52-192a is a "procedural rule, punitive in nature, and enacted to promote fair and reasonable pretrial compromises of litigation." Id., 651; see also *Edward Denike Tree Co.* v. *Butler*, 21 Conn. App. 366, 369, 573 A.2d 349 (1990).

In *Blakeslee Arpaia Chapman, Inc.* v. *EI Construc-tors, Inc.*, 239 Conn. 708, 753, 687 A.2d 506 (1997), we relied on the Appellate Court's reasoning and concluded that a party was not entitled to suspend offer of judgment interest while the relevant proceeding was informally stayed. Therein, we explained that "[t]he imposition of interest as a result of finding that the plaintiff was entitled to an award of damages in excess of the offer of judgment is mandatory. 'Our courts have consistently held that prejudgment interest is to be awarded by the trial court when a valid offer of judgment is filed by the plaintiff, the offer is rejected by the defendant, and the plaintiff ultimately recovers an amount greater than the offer of judgment after trial. . . . *Moreover, an award of interest under § 52-192a is mandatory, and the application of § 52-192a does not depend on an analysis of the underlying circumstances of the case or a determination of the facts.* . . . The statute is admittedly punitive in nature. . . . It is the punitive aspect of the statute that effectuates the underlying purpose of the statute and provides the impetus to settle cases.' . . . [*Lutynski* v. *B. B. & J. Trucking, Inc.*, 31 Conn. App. 806, 812–13, 628 A.2d 1 (1993), aff'd, 229 Conn. 525, 642 A.2d 7 (1994)]; *Paine Webber Jackson & Curtis, Inc.* v. *Winters*, supra, 22 Conn. App. 652 . . . ." (Citations omitted; emphasis in original.) *Blakeslee Arpaia Chapman, Inc.* v. *EI Constructors, Inc.*, supra, 752–53.

As in *Paine Webber Jackson & Curtis, Inc.*, where the contractual language of the two promissory notes did not override the obligation to pay prejudgment interest, the insurance contract in the present case does not obviate the duty of the defendant to meet its statutory obligation under § 52-192a. Section 52-192a is based on the public policy that implicitly recognizes that certain strategies and consequences are involved in either the

acceptance or rejection of a settlement offer. This statutory provision clearly reflects the consequences at play when a party rejects a valid offer of judgment, proceeds to trial, consumes precious judicial resources, and ultimately is subject to a verdict that exceeds that offer. In this regard, the contractual policy limitations have no effect on the punitive nature of the statute or the clear legislative intent of § 52-192a to promote settlements and preserve judicial resources. *Blakeslee Arpaia Chapman, Inc.* v. *EI Constructors, Inc.*, supra, 239 Conn. 753. Simply put, the parties cannot avoid the mandatory statutory provision.

Finally, we conclude that the defendant's challenge to the trial court's imposition of costs is not reviewable on appeal. Our review of the record reveals that the defendant first raised this issue on appeal. The defendant neither objected to the court clerk's assessment of court costs, nor requested a hearing with the clerk of the court pursuant to Practice Book § 18-5,[4] an appeal from which also could have been heard by the trial court. Further, there is no indication in the record of precisely what costs the defendant is challenging. "This court will not consider claimed errors on the part of the trial court unless it appears that the question was distinctly raised at the trial . . . ." (Citations omitted; internal quotation marks omitted.) *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 22, 717 A.2d 77 (1998); see also

---

[4] Practice Book § 18-5 provides: "(a) Costs may be taxed by the clerk in civil cases fourteen days after the filing of a written bill of costs provided that no objection is filed. If a written objection is filed within the fourteen day period, notice shall be given by the clerk to all appearing parties of record of the date and time of the clerk's taxation. The parties may appear at such taxation and have the right to be heard by the clerk.

"(b) Either party may move the judicial authority for a review of the taxation by the clerk by filing a motion for review of taxation of costs within twenty days of the issuance of the notice of taxation by the clerk."

Practice Book § 60-5. Accordingly, we do not address this claim.

The judgment is affirmed.

In this opinion the other justices concurred.