JULIANN STIFFLER *v.* CONTINENTAL INSURANCE COMPANY
(SC 17761)

Norcott, Katz, Vertefeuille, Zarella and Schaller, Js.

Argued February 8—officially released July 22, 2008

*Michael A. Colombo, Jr.*, with whom was *Devin Janosov*, for the appellant (plaintiff).

*Kerry R. Callahan*, with whom was *Eric D. Eddy*, for the appellee (defendant).

*Opinion*

VERTEFEUILLE, J. The principal issue in this appeal is whether, in an action to recover underinsured motor-

ist benefits, offer of judgment interest awarded pursuant to General Statutes (Rev. to 2005) § 52-192a (b)[1] is based on the amount of the jury verdict (verdict amount), or on the amount of the judgment thereon after the trial court orders a remittitur due to the limits of the plaintiff's underinsured motorist coverage (judgment amount). The plaintiff, Juliann Stiffler, appeals[2] from the judgment of the trial court in her favor, which included an award of prejudgment interest on the judgment amount rather than the verdict amount. The plaintiff claims that the trial court improperly calculated the interest due her. We disagree, and, accordingly, we affirm the judgment of the trial court.

---

[1] General Statutes (Rev. to 2005) § 52-192a (b) provides as follows: "After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in the plaintiff's 'offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

We note that § 52-192a was amended in 2005 by, inter alia, the substitution of "offer of compromise" for "offer of judgment" and other technical changes. See Public Acts 2005, No. 05-275, § 4. Although Public Act 05-275 was effective on October 1, 2005, which was prior to the jury's verdict, it did not apply to causes of action that accrued before that date. Therefore, the 2005 revision of the statute is applicable in this case and we refer to the plaintiff's offer as an "offer of judgment" rather than employing the current statutory terminology.

[2] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

The following undisputed facts and procedural history are relevant to our resolution of this appeal. The plaintiff originally brought this action against the defendant, Continental Insurance Company, now known as Encompass Insurance Company,[3] seeking underinsured motorist benefits for personal injuries she sustained as a result of a motor vehicle accident. At the time of the accident, the plaintiff was insured under a policy issued to her parents by the defendant that provided uninsured and underinsured motorist coverage in the amount of $50,000. After exhausting the $20,000 limit of the tortfeasor's policy, the plaintiff brought this action seeking additional compensation by way of underinsured motorist benefits. Before trial, the plaintiff filed an offer of judgment in the amount of $20,000. The defendant did not accept the offer, and, therefore, it was deemed to have been rejected pursuant to § 52-192a (a).[4]

Following a jury trial, a verdict was returned in favor of the plaintiff in the amount of $465,234.43. The defendant thereafter filed a motion for collateral source reduction, and the trial court reduced the verdict by $10,000 to $455,234.43, to reflect medical payments made on the plaintiff's behalf. Subsequently, the defendant filed a motion for remittitur, asserting that the verdict was excessive as a matter of law given the $50,000 limit of the applicable underinsured motorist coverage. The trial court granted in part and denied in part the defendant's motion, and reduced the award to

[3] The plaintiff filed the action in 2003, and subsequently was permitted to file an amended complaint naming Encompass Insurance Company as the defendant. For purposes of clarity, we refer to the insurer as the defendant.

[4] General Statutes (Rev. to 2005) § 52-192a (a) provides in relevant part: "If the 'offer of judgment' is not accepted within sixty days and prior to the rendering of a verdict by the jury or an award by the court, the 'offer of judgment' shall be considered rejected and not subject to acceptance unless refiled. . . ."

See footnote 1 of this opinion regarding changes to § 52-192a and the statutory terminology used in this opinion.

$20,000.[5] Thereafter, the court ordered that the defendant pay offer of judgment interest pursuant to § 52-192a (b) in the amount of $7800,[6] which was computed using the judgment amount of $20,000 rather than the verdict amount. This appeal followed.

I

The plaintiff first claims that the trial court improperly calculated offer of judgment interest pursuant to § 52-192a (b) by calculating the interest based on the judgment amount rather than the verdict amount.[7] Specifically, the plaintiff contends that the legislative intent and policy underlying § 52-192a (b), as well as this court's decisions in *Cardenas* v. *Mixcus*, 264 Conn. 314, 823 A.2d 321 (2003), and *Accettullo* v. *Worcester Ins. Co.*, 256 Conn. 667, 775 A.2d 943 (2001), support her contention that offer of judgment interest should be calculated on the verdict amount rather than the judgment amount. The defendant responds that this court's decision in *Civiello* v. *Owens-Corning Fiberglass Corp.*, 208 Conn. 82, 544 A.2d 158 (1988), controls the outcome of this case, and that the legislative history and genealogy of § 52-192a (b) dictate that offer of judgment interest is to be calculated on the amount of the trial court's judgment rather than on the verdict itself. We agree with the defendant.

The plaintiff's claim raises an issue of statutory interpretation, over which we exercise plenary review. See,

[5] This figure represents the $50,000 limit of the plaintiff's underinsured motorist coverage minus both the $20,000 that the plaintiff already had recovered from the tortfeasor, and the $10,000 collateral source reduction.

[6] We note that the amount of offer of judgment interest awarded represents a 39 percent increase over the $20,000 judgment that the plaintiff had recovered.

[7] The verdict amount on which the plaintiff contends the trial court should have based its award of offer of judgment interest is the net verdict amount of $455,234.43, which represents the jury verdict of $465,234.43 minus the collateral source reduction of $10,000.

e.g., *Considine* v. *Waterbury*, 279 Conn. 830, 836, 905 A.2d 70 (2006). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine the meaning, General Statutes § 1-2z[8] directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) Id., 836–37.

Although we generally begin with the text of the statute, we note that we are not writing on a clean slate as the purpose and structure of our offer of judgment statute have been identified. The purpose of § 52-192a (b) is to "encourage pretrial settlements and, consequently, to conserve judicial resources." *Blakeslee Arpaia Chapman, Inc.* v. *EI Constructors, Inc.*, 239 Conn. 708, 742, 687 A.2d 506 (1997). The statute is intended to "[encourage] defendants to accept reasonable offers of judgment," and requires defendants who

---

[8] General Statutes § 1-2z provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."

fail to accept such offers to pay penalty interest. (Internal quotation marks omitted.) Id. Section 52-192a (b) therefore "requires a trial court to award [12 percent annual] interest to the prevailing plaintiff from the date of the filing of a complaint to the date of judgment whenever: (1) a plaintiff files a valid offer of judgment within eighteen months of the filing of the complaint in a civil complaint for money damages; (2) the defendant rejects the offer of judgment; and (3) the plaintiff ultimately recovers an amount greater than or equal to the offer of judgment." (Internal quotation marks omitted.) *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 55, 717 A.2d 77 (1998). The interest awarded pursuant to § 52-192a (b) "is solely related to a defendant's rejection of an advantageous offer to settle before trial and his subsequent waste of judicial resources." (Internal quotation marks omitted.) *Blakeslee Arpaia Chapman, Inc.* v. *EI Constructors, Inc.*, supra, 742.

We turn next to the text of the statute. General Statutes (Rev. to 2005) § 52-192a (b)[9] provides in relevant part: "After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has *recovered an amount* equal to or greater than the sum certain stated in the plaintiff's 'offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount . . . ." (Emphasis added.) The text of § 52-192a (b) calls for interest to be calculated on the "amount so recovered," which phrase is not defined in the statute. The statute also does not use the terms "verdict" or "judgment."

___

[9] We note that § 52-192a has been amended extensively since its enactment. See, e.g., footnote 1 of this opinion. We refer herein only to the changes that are relevant to the present case.

This court previously has considered the question of the amount on which offer of judgment interest is to be calculated, although not in the present context of a verdict that has been reduced due to the limits of the plaintiff's insurance coverage. See General Statutes § 38a-336 (b).[10] In *Civiello* v. *Owens-Corning Fiberglass Corp.*, supra, 208 Conn. 84–85, the court considered whether the term "recovered" in § 52-192a (b) referred to the verdict amount or the judgment amount when the jury returned a verdict in excess of the amount in the offer of judgment, but the court subsequently ordered a remittitur, resulting in a judgment of less than the offer of judgment amount. More specifically, the plaintiffs brought an action against multiple defendants and thereafter filed an offer of judgment in the amount of $125,000. Id., 83 n.1, 84. Prior to trial, two defendants settled with the plaintiffs for $36,000. Id., 83 n.1. The jury, unaware of this prior settlement, returned a verdict of $153,522 against one of the two remaining defendants. Id., 83, 88. In an effort to avoid unjustly enriching the plaintiffs, the trial court ordered a remittitur of $36,000, thereby reducing the plaintiffs' recovery to an amount less than the amount of the offer of judgment. Id., 89. The plaintiffs appealed from the trial court's judgment refusing to order offer of judgment interest on the verdict amount. Id., 84. On appeal, this court considered, inter alia, the issue of "whether a plaintiff who has obtained a jury verdict for an amount in excess of his offer of judgment, when that verdict later is properly reduced by the trial court to a sum less than that

---

[10] General Statutes § 38a-336 (b) provides in relevant part: "An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured and underinsured motorist coverage, exceed the limits of the insured's uninsured and underinsured motorist coverage. . . ."

offer, is entitled to interest pursuant to § 52-192a (b) for having 'recovered an amount equal to or greater than' his offer of judgment." Id., 84–85. This court determined that, given the particular fact situation presented in *Civiello*, the plaintiffs were not entitled to offer of judgment interest, reasoning that, "[w]here a jury verdict is properly deemed excessive and accordingly reduced by a remittitur when judgment is rendered, [§ 52-192a (b)] could not have been intended to impose the interest penalty upon a defendant for failing to accept an offer of judgment exceeding the upper limit of reasonable compensation as determined by the court." Id., 91. This court further noted that in such a case, "to make the amount of the jury verdict rather than the judgment thereon the criterion for determining whether a plaintiff has recovered more than his offer of judgment would create a disparity between court and jury trials inconsistent with the legislative intention that § 52-192a (b) apply to both in the same manner." Id., 92–93.[11]

More recently, in *Cardenas* v. *Mixcus*, supra, 264 Conn. 315 n.1, on which the plaintiff relies, we construed § 52-192a in the context of an employer who intervenes pursuant to General Statutes § 31-293 (a), a provision "allow[ing] an employer to intervene in an action brought by an employee against a third party tortfeasor . . . ." In *Cardenas*, the plaintiff, who had been injured during the course of his employment, brought an action against the defendants for personal injuries that he allegedly had suffered in a fall at their home. Id., 317. The plaintiff's employer had paid workers' compensation benefits to the plaintiff, and subsequently intervened in the action pursuant to § 31-293 (a) to recover these payments. Id. We considered the

---

[11] In *Gionfriddo* v. *Avis Rent A Car System, Inc.*, 192 Conn. 301, 305–306, 472 A.2d 316 (1984), this court interpreted § 52-192a (b) to apply to bench trials as well as jury trials.

issue of "whether, when an employer intervenes pursuant to . . . § 31-293 (a) in an action brought by its employee against a third party tortfeasor, offer of judgment interest awarded pursuant to . . . § 52-192a must be based on the amount of the jury verdict, or on the amount of the judgment after apportionment of the damages between the employee and the employer." Id., 315–17. We concluded that "under the particular circumstances of the present case" the jury verdict rather than the amount of the award due the plaintiff after apportionment should be used in calculating offer of judgment interest. Id., 320–21. Specifically, we reasoned that using the verdict amount was appropriate because, pursuant to § 31-293 (a), the employer effectively stood in the shoes of the employee, and the amount of the verdict reflected the amount properly due the employee. Id., 324. Additionally, we emphasized in *Cardenas* the purpose of § 52-192a, which is to encourage pretrial settlements, as well as the concern that calculating offer of judgment interest on the judgment amount, given the facts of *Cardenas*, would have created a dual system of recovery based on whether the plaintiff was an employee at the time she was injured. Id., 322. Finally, we distinguished the circumstances of *Civiello*, observing that the court's decision in *Civiello* to look to the amount of the judgment, rather than the jury's verdict for purposes of § 52-192a (b), was due to the fact that the jury's verdict was excessive as a matter of law and the trial court was required to order a remittitur pursuant to General Statutes § 52-216a. Id., 324.

We find the reasoning of *Civiello* to be particularly instructive. As in *Civiello*, the plaintiff in the present case stood to recover a jury verdict that was excessive as a matter of law given the limit of her insurance coverage, and the trial court correctly ordered a remittitur pursuant to § 38a-336 (b). By contrast, in *Cardenas*, "there [was] no question that the verdict actually

reflected full and fair compensation for the damages suffered." *Cardenas* v. *Mixcus*, supra, 264 Conn. 324. Indeed, as we stated in *Cardenas*, "[i]n contrast to cases in which a trial court orders a remittitur, a postverdict apportionment pursuant to § 31-293 has no effect on the amount of damages paid by the defendants in a case." Id. Our prior case law thus strongly suggests that § 52-192a (b) requires that offer of judgment interest is to be calculated on the judgment amount rather than the verdict amount.

This construction of our offer of judgment statute is consistent with another statutory provision that suggests that offer of judgment interest awarded pursuant to § 52-192a (b) is to be calculated on the judgment amount rather than the verdict amount. It is well established that "the legislature is always presumed to have created a harmonious and consistent body of law . . . . [T]his tenet of statutory construction . . . requires [this court] to read statutes together when they relate to the same subject matter . . . . Accordingly, [i]n determining the meaning of a statute . . . we look not only at the provision at issue, but also to the broader statutory scheme to ensure the coherency of our construction." (Internal quotation marks omitted.) *Renaissance Management Co.* v. *Connecticut Housing Finance Authority*, 281 Conn. 227, 238–39, 915 A.2d 290 (2007).

In the present case, the trial court granted the defendant's motion for remittitur due to the limit of the plaintiff's underinsured motorist coverage pursuant to § 38a-336 (b),[12] which imposes a cap on the amount recoverable by an individual in the plaintiff's situation. This statute is meant to promote the public policy that "every insured recovers the damages he or she would have been able to recover if the uninsured or underinsured

---

[12] See footnote 10 of this opinion for the relevant text of § 38a-336 (b).

motorist had maintained an adequate policy of liability insurance . . . equal to the amount of the insured's uninsured/underinsured motorist coverage." (Internal quotation marks omitted.) *Dimmock* v. *Allstate Ins. Co.*, 84 Conn. App. 236, 242, 853 A.2d 543, cert. denied, 271 Conn. 923, 859 A.2d 577 (2004). Indeed, the underlying purpose of underinsured motorist coverage is "simply . . . to provide an insured who is injured in an accident with the same resources he would have had if the tortfeasor had liability insurance equal to the amount of the insured's uninsured/underinsured motorist coverage." J. Berk & M. Jainchill, Connecticut Law of Uninsured and Underinsured Motorist Coverage (3d Ed. 2004) § 1.3, p. 23; see *Florestal* v. *Government Employees Ins. Co.*, 236 Conn. 299, 310, 673 A.2d 474 (1996) (noting that purpose of underinsured coverage is "neither to guarantee full compensation for a claimant's injuries nor to ensure that the claimant will be eligible to receive the maximum payment available under any applicable policy . . . [and that] underinsured motorist protection is not intended to provide a greater recovery than would have been available from the tortfeasor" [internal quotation marks omitted]).

To allow a plaintiff to recover offer of judgment interest on the verdict amount, an amount that is excessive as a matter of law under § 38a-336 (b), would contravene the public policy that § 38a-336 (b) is meant to further. Indeed, it would be incongruous for one provision of our statutory scheme, § 38a-336 (b), to dictate that a plaintiff's recovery cannot exceed a certain level in view of various well established policy concerns, and for another provision, § 52-192a, simultaneously to be construed to allow for this excessive sum to serve as the basis for further recovery. Construing our offer of judgment statute together with § 38a-336 (b) thus suggests that interest awarded pursuant to § 52-192a (b)

is to be based on the judgment amount rather than the verdict amount.[13]

The plaintiff also relies on *Accettullo* v. *Worcester Ins. Co.*, supra, 256 Conn. 667, in support of her claim. The plaintiff asserts that *Accettullo* supports her position because this court concluded in that case that the contractual dealings of the parties do not control whether offer of judgment interest is awarded, thus

[13] The legislative history of § 52-192a (b) also provides support for our interpretation of the statute requiring that offer of judgment interest be calculated on the judgment amount, which reflects the verdict after adjustments required by law. In 1994, the General Assembly's judiciary committee rejected a proposed amendment that would have required offer of judgment interest to be calculated on the verdict amount. The judiciary committee declined to report favorably out of committee an amendment to § 52-192a that would have calculated offer of judgment interest in precisely the way that the plaintiff in the present case advocates. This proposed bill would have amended § 52-192a (b) so that the offer of judgment interest would be calculated on "the amount of the verdict by the jury or the award by the court . . . ." Raised Bill No. 5383 (February Sess. 1994). The bill's stated purpose was "[t]o provide that, in determining whether a plaintiff who has filed an offer of judgment which a defendant has failed to accept is entitled to interest, *the court shall compare the offer of judgment to the amount of the jury verdict or court award rather than to the amount the plaintiff actually recovered and compute the interest on the amount of such jury verdict or court award.*" (Emphasis added.) Id.

At a public hearing before the judiciary committee, a representative of the insurance industry expressed reservations about this bill. Representative Richard D. Tulisano, the longtime cochair of the judiciary committee who was presiding at the hearing, responded to those concerns as follows. "This bill right now offers a judgment, if the defendant rejects an offer of judgment after the trial, the court is directed to add interest in the amount of 12 percent to the amount the plaintiff has recovered and what this bill does is say that that amount should be based on what the jury's verdict is and *our problem* with that is the jury's verdict doesn't reflect reality because what the court does after the jury's verdict is deduct the collateral sources and this would essentially amount to a windfall for the plaintiff. *The defendant should not have [to] pay interest on something that he was not obligated to pay.* The collateral sources were already paid to the plaintiff. *The defendant's obligation should be based on the amount he is liable for and it would be unfair to change the rule to make it on the jury's verdict.*" (Emphasis added.) Conn. Joint Standing Committee Hearings, Judiciary, Pt. 1, 1994 Sess., p. 295.

suggesting that the offer of judgment interest due the plaintiff should not be limited due to the terms of the insurance policy at issue. In *Accettullo*, the defendant insurer had claimed that it was not obligated to pay offer of judgment interest pursuant to § 52-192a (b) because the insurance policy between the insurer and the insured did not expressly provide for it. Id., 668–69. This court concluded that the parties' "contractual policy limitations have no effect on the punitive nature of the statute or the clear legislative intent of § 52-192a to promote settlements and preserve judicial resources," and therefore upheld the trial court's award of offer of judgment interest to the plaintiff. Id., 673. The plaintiff in the present case overlooks the existence of § 38a-336 (b), which limits the judgment amount in this case to the amount of the plaintiff's underinsured motorist coverage. Consequently, *Accettullo* is inapposite.

We therefore conclude that the trial court in the present case correctly awarded offer of judgment interest based on the judgment amount rather than the verdict amount.

## II

The plaintiff next claims that the trial court improperly failed to award her attorney's fees pursuant to § 52-192a (b). We conclude that the record is inadequate to review this claim.

The following additional procedural history is necessary to our resolution of this claim. After the jury returned a verdict in the plaintiff's favor, the plaintiff filed a memorandum in which she advocated a particular method for calculating offer of judgment interest, and also requested attorney's fees in the amount of $350 pursuant to § 52-192a (b). The defendant filed an objection to the plaintiff's method of calculating offer of judgment interest and subsequently filed its own

computation of offer of judgment interest. The trial court sustained the objection, and thereafter ordered offer of judgment interest in the amount of $7800 in accordance with the defendant's computation. The trial court's order made no mention of attorney's fees, and the plaintiff failed to file a motion for articulation regarding the court's failure to address this issue. Although the plaintiff filed a motion for articulation with the trial court regarding the court's offer of judgment interest calculation, the motion did not request articulation of the trial court's failure to award attorney's fees.[14]

An award of attorney's fees is discretionary under § 52-192a (b). In the present case, it is unclear from the trial court's order why the court failed to order them. "Under these circumstances, the plaintiff should have filed a motion for articulation to preserve an adequate record for review. See Practice Book §§ 61-10[15] and 66-5."[16] *Stone-Krete Construction, Inc.* v. *Eder*, 280 Conn.

---

[14] Indeed, in the plaintiff's motion for review of the trial court's denial of her motion for articulation, the plaintiff refers to her prior motion as a "[m]otion for [a]rticulation, requesting that the trial court articulate the reasons for basing the prejudgment interest on the judgment and not on the net jury verdict."

[15] Practice Book § 61-10 provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. For purposes of this section, the term 'record' is not limited to its meaning pursuant to Section 63-4 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."

[16] Practice Book § 66-5 provides in relevant part: "A motion seeking corrections in the transcript or the trial court record or seeking an articulation or further articulation of the decision of the trial court shall be called a motion for rectification or a motion for articulation, whichever is applicable. Any motion filed pursuant to this section shall state with particularity the relief sought. . . .

"If any party requests it and it is deemed necessary by the trial court, the trial court shall hold a hearing at which arguments may be heard, evidence taken or a stipulation of counsel received and approved. The trial court may make such corrections or additions as are necessary for the proper presentation of the issues raised or for the proper presentation of questions reserved. The trial judge shall file the decision on the motion with the appellate clerk. . . ."

672, 685, 911 A.2d 300 (2006). It is the appellant's responsibility "to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter." (Internal quotation marks omitted.) *Bingham* v. *Dept. of Public Works*, 286 Conn. 698, 704 n.5, 945 A.2d 927 (2008). In the absence of an articulation, we are unable to determine the basis for the trial court's decision, or whether the trial court simply overlooked the award of attorney's fees. We therefore decline to review this claim.

The judgment is affirmed.

In this opinion the other justices concurred.