STATE OF CONNECTICUT *v.* KENNETH GELORMINO
(SC 18144)

Katz, Palmer, Vertefeuille, Zarella and Schaller, Js.

Argued September 3, 2008—officially released April 28, 2009

*David Channing*, public defender, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Robin Lipsky*, former senior assistant state's attorney, for the appellee (state).

*Opinion*

PALMER, J. The defendant, Kenneth Gelormino, entered a plea under the *Alford*[1] doctrine to one count of sale of marijuana by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b),[2] and, thereafter, the trial court, *Iannotti, J.*, sentenced him to the mandatory minimum term of imprisonment of five years. On appeal[3] from the judgment of conviction, the defendant claims that the trial court improperly

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] General Statutes § 21a-278 (b) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance, except as authorized in this chapter, and who is not, at the time of such action, a drug-dependent person, for a first offense shall be imprisoned not less than five years or more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years or more than twenty-five years. The execution of the mandatory minimum sentence imposed by the provisions of this subsection shall not be suspended, except the court may suspend the execution of such mandatory minimum sentence if at the time of the commission of the offense (1) such person was under the age of eighteen years, or (2) such person's mental capacity was significantly impaired, but not so impaired as to constitute a defense to prosecution."

Although § 21a-278 (b) has been the subject of technical amendments since 2004, the year in which the defendant committed the conduct that led to his conviction; see Public Acts 2007, No. 07-217, § 97; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of § 21a-278 (b).

[3] The defendant appealed to the Appellate Court from the judgment of the trial court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

declined to consider a sentence of less than five years under General Statutes § 21a-283a,[4] which permits a court to depart from the statutorily prescribed mandatory minimum sentence for certain drug related offenses if the defendant previously had not invoked the provisions of § 21a-283a. We agree with the trial court that the defendant was ineligible for consideration under § 21a-283a because he previously had received a sentence departure under § 21a-283a. Accordingly, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's claim. In 2004, the defendant's father arranged to sell a large quantity of marijuana to his friend, Robert Mellilo. Unbeknownst to either the defendant or his father, Mellilo had been arrested for the sale of narcotics and was cooperating with the statewide narcotics task force as an informant. Sergeant John Mucherino of the statewide narcotics task force, who was supervising Mellilo's cooperation with law enforcement officials, instructed Mellilo to contact the defendant's father for the purpose of purchasing 100 pounds of marijuana. In the course of setting up the transaction, the defendant communicated

[4] General Statutes § 21a-283a provides: "Notwithstanding any provision of the general statutes, when sentencing a person convicted of a violation of any provision of this chapter, except a violation of subsection (a) or (c) of section 21a-278a, for which there is a mandatory minimum sentence, which did not involve the use, attempted use or threatened use of physical force against another person or result in the physical injury or serious physical injury of another person, and in the commission of which such person neither was armed with nor threatened the use of or displayed or represented by word or conduct that such person possessed any firearm, deadly weapon or dangerous instrument, as those terms are defined in section 53a-3, the court may, upon a showing of good cause by the defendant, depart from the prescribed mandatory minimum sentence, provided the provisions of this section have not previously been invoked on the defendant's behalf and the court, at the time of sentencing, states in open court the reasons for imposing the particular sentence and the specific reason for imposing a sentence that departs from the prescribed mandatory minimum sentence."

several times with Mellilo, who ultimately arranged to have the defendant deliver the marijuana to him at a location in the city of Waterbury.

On August 4, 2004, the defendant met Mellilo behind a motel in Waterbury. While the two men were engaged in conversation, Mucherino instructed his team to move in and arrest the defendant. A search of the defendant's vehicle revealed six bales of marijuana in the trunk. The state subsequently filed an information in the Superior Court in the judicial district of Waterbury (Waterbury case), charging the defendant with possession of four ounces or more of marijuana in violation of General Statutes § 21a-279 (b),[5] sale of marijuana by a person who is not drug-dependent in violation of § 21a-278 (b), and conspiracy to sell marijuana by a person who is not drug-dependent in violation of § 21a-278 (b) and General Statutes § 53a-48.[6]

Following his arrest in the Waterbury case, the defendant agreed to cooperate with law enforcement officials, and he informed them that there was more marijuana located at his place of business, Mohawk Motors in the city of Torrington. Upon searching the premises of Mohawk Motors, the police discovered five additional bales of marijuana weighing approximately 100 pounds. Thereafter, the state filed an information

---

[5] General Statutes § 21a-279 (b) provides: "Any person who possesses or has under his control any quantity of a hallucinogenic substance other than marijuana or four ounces or more of a cannabis-type substance, except as authorized in this chapter, for a first offense, may be imprisoned not more than five years or be fined not more than two thousand dollars or be both fined and imprisoned, and for a subsequent offense may be imprisoned not more than ten years or be fined not more than five thousand dollars or be both fined and imprisoned."

[6] General Statutes § 53a-48 provides in relevant part: "(a) A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy. . . ."

in the Superior Court in the judicial district of Litchfield (Litchfield case), charging the defendant with possession of marijuana with intent to sell by a person who is not drug-dependent in violation of § 21a-278 (b), and conspiracy to possess marijuana with intent to sell by a person who is not drug-dependent in violation of §§ 21a-278 (b) and 53a-48. The charges in the Litchfield case pertained only to the five bales of marijuana that had been concealed at the premises of Mohawk Motors.

The defendant proceeded to trial in the Litchfield case, and, on February 21, 2006, a jury found him guilty as charged. Following the jury verdict, the defendant filed a motion under § 21a-283a for a departure from the mandatory minimum sentence that the court otherwise would have been required to impose. The trial court, *Gill, J.*, granted the defendant's motion and, on November 28, 2006, imposed a suspended prison sentence.[7]

After the jury had returned its verdict in the Litchfield case, but before the court imposed sentence in that case, the defendant entered an *Alford* plea in the Waterbury case to one count of sale of marijuana by a person who is not drug-dependent in violation of § 21a-278 (b).[8] With the agreement of the trial court, *Iannotti, J.*,[9] the sentencing in the Waterbury case was postponed until after the defendant had been sentenced in the Litchfield case. Several days after his sentencing in the Litchfield case, the defendant filed a motion in the Waterbury case pursuant to § 21a-283a, seeking a sentence of less than the mandatory minimum five year prison term prescribed under § 21a-278 (b). The trial court denied the motion, concluding that, because the defendant

---

[7] Specifically, the court sentenced the defendant to a term of imprisonment of eight years, execution suspended, and five years probation with special conditions. Special conditions of probation included one year of home confinement, 300 hours of community service, and a $5000 fine.

[8] The defendant entered his *Alford* plea on April 13, 2006.

[9] Hereinafter, all references to the trial court are to *Iannotti, J.*

already had received a sentence departure under § 21a-283a in the Litchfield case, he was not eligible for a second such departure in the Waterbury case. On December 8, 2006, the trial court rendered judgment of conviction, sentencing the defendant to the mandatory minimum term of five years imprisonment.

On appeal, the defendant contends that the trial court improperly determined that, because he already had received the benefit of the sentence departure provisions of § 21a-283a in the Litchfield case at the time of his sentencing in the Waterbury case, he was ineligible to receive a second such departure in the Waterbury case. We reject the defendant's contention because it conflicts with the plain meaning of § 21a-283a.

The defendant's claim raises an issue of statutory interpretation over which our review is plenary. See, e.g., *Stiffler* v. *Continental Ins. Co.*, 288 Conn. 38, 42, 950 A.2d 1270 (2008). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine the meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law

principles governing the same general subject matter." (Internal quotation marks omitted.) Id., 43.

We turn first, therefore, to the relevant text of General Statutes § 21a-283a, which provides: "[W]hen sentencing a person convicted of a violation of any provision of this chapter . . . for which there is a mandatory minimum sentence . . . the court may, upon a showing of good cause by the defendant, depart from the prescribed mandatory minimum sentence, provided the provisions of this section have not previously been invoked on the defendant's behalf . . . ." The state contends that the only plausible reading of this statutory language is that if, at the time of a defendant's sentencing for a drug related offense, he already has received the benefit of a sentence departure under § 21a-283a, he is ineligible to utilize that provision a second time. We agree.

"In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language . . . ." General Statutes § 1-1 (a). We ordinarily look to the dictionary definition of a word to ascertain its commonly approved usage. See, e.g., *Jim's Auto Body* v. *Commissioner of Motor Vehicles*, 285 Conn. 794, 808, 942 A.2d 305 (2008). For present purposes, "when" means "[a]t the time that"; American Heritage Dictionary of the English Language (3d Ed. 1992); "previous" is defined as "[e]xisting or occurring before something else in time or order" or "prior"; id.; and "invoke" means to "use or apply . . . ." Id. As used in § 21a-283a, these words, like the other operative language of that statute, are plain and unambiguous as applied to the factual scenario presented: if, at the time of sentencing, the defendant has not used § 21a-283a on a prior occasion, the court has the discretion to depart from the prescribed mandatory minimum sentence, provided, of course, that the other requirements of § 21a-283a have been met. It is undis-

puted, however, that the defendant in the present case received the benefit of § 21a-283a when he was sentenced in the Litchfield case on November 28, 2006. The court in that case departed from the statutorily prescribed mandatory minimum sentence by suspending the defendant's eight year sentence, five years of which would have been nonsuspendable but for the court's invocation of § 21a-283a. Because the defendant already had used § 21a-283a to receive a sentence departure in the Litchfield case several days prior to his sentencing in the Waterbury case on December 8, 2006, the trial court in the Waterbury case properly determined that the defendant was not entitled to a reduction in his mandatory minimum sentence in that case under § 21a-283a.

Despite the clarity of § 21a-283a, the defendant contends that the words "have not previously been invoked" in § 21a-283a do not relate temporally to the time of sentencing. Under the defendant's reading of the statute, the determinative date is not the date of sentencing in the Waterbury case but, rather, the date on which the defendant entered his *Alford* plea in that case. Thus, the defendant claims that he was entitled to have the trial court consider a sentence departure under § 21a-283a because he previously had not invoked that provision on April 13, 2006, the date on which he entered his *Alford* plea in the Waterbury case. The defendant's interpretation of § 21a-283a, however, has no basis in the plain statutory language, which unambiguously provides that a court may consider a sentence departure thereunder if, "when sentencing" a person convicted of a drug offense, the provisions of § 21a-283a "have not previously been invoked on . . . behalf" of that person. General Statutes § 21a-283a. It is perfectly clear, therefore, that a defendant is not entitled to invoke § 21a-283a in a particular case if, at the time of his sentencing in that case, he already has availed him-

self of the benefit of that statute. Because it is undisputed that the defendant received the benefit of § 21a-283a when the court in the Litchfield case imposed a suspended sentence in that case on November 28, 2006, the trial court in the Waterbury case properly determined that the defendant, having previously invoked § 21a-283a, was not eligible to use it again in the Waterbury case.

The defendant maintains that the interpretation he advances finds support in our decision in *State* v. *Nowell*, 262 Conn. 686, 817 A.2d 76 (2003), in which we held that § 21a-283a does not apply retroactively to persons who had committed an offense prior to the effective date of the statute but who were sentenced for that offense after the effective date. Id., 703. In reaching our conclusion, we explained that there is nothing in the language or history of § 21a-283a to indicate that the legislature intended to deviate from the general rule that substantive statutory provisions are to be applied prospectively; id., 702–703; and that, in determining "whether application of a particular [statute] to a criminal defendant would constitute retroactive application, we look to the law in effect on the date [that] the defendant committed his offenses." Id., 702. The defendant contends that, in light of our conclusion in *Nowell* that the date of sentencing did not control the determination of whether the defendant in that case was entitled to invoke the provisions of § 21a-283a, the date of sentencing also is not determinative with respect to the issue of whether § 21a-283a "previously" has been invoked. Contrary to the defendant's assertion, our analysis and conclusion in *Nowell* are wholly inapposite to the issue presented in this appeal because *Nowell* involved the entirely different issue of whether § 21a-283a has prospective or retroactive applicability. Indeed, there is nothing in *Nowell* that casts even the slightest doubt on the import of the straightforward

statutory language, that is, a defendant is deemed to have used § 21a-283a on a previous occasion, thereby exhausting his eligibility thereunder, if the defendant had invoked the provision in another case at any time prior to sentencing in the second or subsequent case.

The defendant also claims that, even if § 21a-283a is plain and unambiguous as applied to the facts of this case, its application leads to a bizarre or arbitrary result. In essence, the defendant contends that, because the offenses in the Litchfield and Waterbury cases were so closely related, the legislature reasonably could not have intended a result pursuant to which the defendant's invocation of § 21a-283a in the former case would deprive him of the right to invoke that provision in the latter case. The defendant also posits a number of hypothetical fact patterns that he claims would yield unfair and unanticipated results, including a scenario in which the state induces a person to commit crimes in different jurisdictions solely for the purpose of depriving him of the opportunity to have the cases consolidated in one jurisdiction, with the result that he will be required to exhaust his eligibility under § 21a-283a in one jurisdiction before his subsequent sentencing in a second jurisdiction. The mere fact that the defendant can conceive of one or more situations in which it might seem harsh to apply § 21a-283a in accordance with its plain language does not mean that application of that language leads to bizarre, unworkable or arbitrary results. Moreover, to the extent that the defendant complains about the alleged unfairness of being charged in two different jurisdictions merely because the state, through Mellilo, opted to have the first transaction consummated in Waterbury, the defendant's argument is fundamentally flawed because the defendant seeks to shift to the state the blame for his own decision to commit separate and distinct crimes in both Waterbury

and Torrington.[10] Finally, there is nothing in the record to suggest that the state used Mellilo as it did for the purpose of depriving the defendant of the opportunity to avail himself of the benefit of § 21a-283a in this or any other case. In other words, the defendant cannot invoke the provisions of § 21a-283a in the Waterbury case because he previously had invoked them in the Litchfield case, and for no other reason.[11] We therefore reject the defendant's contention that applying the plain and unambiguous language of § 21a-283a to the facts of this case leads to a result that is bizarre, unworkable or arbitrary.

The judgment is affirmed.

In this opinion the other justices concurred.

---

[10] Although the defendant suggests that the crimes that he committed in Waterbury and Torrington were so closely related that they should be treated as a single transaction for purposes of § 21a-283a, he makes no claim that the state's separate prosecution of the two cases violates principles of double jeopardy. See, e.g., *State* v. *Mullins*, 288 Conn. 345, 378, 952 A.2d 784 (2008) (multiple punishments prohibited if conduct is transactionally related and crimes amount to same offense). In the absence of a showing that the state was barred from treating the two cases as involving separate and distinct transactions, the defendant cannot prevail on his claim that it is unfair or unreasonable to prohibit him from invoking § 21a-283a in both cases.

[11] We also note that the defendant never sought to ameliorate any possible unfairness by requesting consolidation of the two cases; rather, he sought to invoke § 21a-283a on two separate occasions.