KAZLON COMMUNICATIONS, LLC *v.* AMERICAN GOLFER, INC., ET AL.
(AC 23918)

Bishop, McLachlan and Peters, Js.

Argued February 19—officially released April 27, 2004

*Joseph A. Kubic*, with whom, on the brief, was *Eric R. Gaynor*, for the appellants (defendants).

*William J. O'Sullivan*, for the appellee (plaintiff).

*Opinion*

BISHOP, J. In this action on a promissory note, the defendants, American Golfer, Inc. (Golfer), and Ian M. Davis, an officer of Golfer, appeal from the rendering of summary judgment in favor of the plaintiff, Kazlon Communications, LLC, and the court's award of prejudgment interest to the plaintiff. Specifically, the defendants claim that it was incorrect as a matter of law for the court to grant the plaintiff's motion for summary judgment when a special defense had been filed, and moreover that, in this instance, the special defense raised genuine issues of material fact. Additionally, the defendants claim that the court improperly found that the general release they had executed operated to bar them from asserting conversion by way of a counterclaim. Finally, the defendants claim that the court improperly awarded prejudgment interest because the plaintiff's offer of judgment had been conditional. We affirm the judgment of the trial court.

The following facts and procedural history set the context for our assessment of the claims on appeal. In its complaint, the plaintiff alleged that the defendants had executed a promissory note, for consideration, promising to pay the plaintiff the principal sum of

$70,000 in accordance with a specific schedule and that the defendants had defaulted on the note by failing to pay the last installment of $30,000. The plaintiff sought payment of the principal with interest and attorney's fees in accordance with the terms of the note.

In its response to the complaint, Golfer filed a special defense alleging that there was no consideration for the making of the note. Additionally, Golfer filed a two count counterclaim in which it alleged that the plaintiff was in possession of certain electronic data belonging to Golfer, which the plaintiff had failed to turn over to Golfer. The first count of the counterclaim character-ized the plaintiff's alleged failure to turn the property over to the defendants as conversion. In the second count, the plaintiff's inaction is claimed to constitute theft. In reply to Golfer's special defense and counter-claim, the plaintiff denied the allegations set forth in the special defense. In addition, the plaintiff asserted two special defenses to the counterclaim, namely, that the defendants had executed a general release in favor of the plaintiff and that the note on which the action was brought contained a waiver provision that barred the claims asserted in the counterclaim.

Thereafter, the plaintiff filed a motion for summary judgment on the complaint and on the counterclaim, asserting that the defendants had not raised any genuine issues of material fact, and that the defendants' special defense and counterclaim were barred by the merger and integration language in the note, as well as by the general release executed by the defendants at the time the note was executed. Following the submission of affidavits by the parties, the court rendered summary judgment in favor of the plaintiff on the complaint and on the counterclaim. This appeal followed.

It is well established that summary judgment should be rendered "if the pleadings, affidavits and any other

proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Practice Book § 17-49; *Lees* v. *Middlesex Ins. Co.*, 219 Conn. 644, 650, 594 A.2d 952 (1991). Because the trial court's ruling on a motion for summary judgment is a legal determination, our review is plenary. *Stokes* v. *Lyddy*, 75 Conn. App. 252, 257, 815 A.2d 263 (2003).

## I

The defendants first claim that it was incorrect as a matter of law for the court to render summary judgment when a special defense had been filed. We are unfamiliar with any rule that prevents the court from rendering summary judgment on a complaint, cross complaint or counterclaim simply because of the existence of one or more special defenses. To the contrary, it is appropriate for a court to render summary judgment in favor of a plaintiff when the special defenses asserted by a defendant are either not legally viable or do not present a genuine issue of a material fact. See, e.g., *Webster Bank* v. *Oakley*, 265 Conn. 539, 830 A.2d 139 (2003). Reciprocally, the filing of special defenses by a defendant does not prevent the court from granting summary judgment on a complaint in favor of the defendant. See, e.g., *McDonald* v. *National Union Fire Ins. Co. of Pittsburgh, PA*, 79 Conn. App. 800, 831 A.2d 310, cert. denied, 266 Conn. 929, 837 A.2d 802 (2003).

## II

The defendants next claim that the court incorrectly rendered summary judgment because the allegations contained in Golfer's special defense raised a genuine issue of material fact. As noted, in response to the complaint, Golfer filed a special defense alleging that there was inadequate consideration for the note on which the action was brought.

The following additional facts are relevant to our discussion of the defendants' claim. The defendants' assertion regarding a failure of consideration relates to previous business dealings between Graphic Productions (Graphic), a predecessor of the plaintiff, and the defendants. In those dealings, Graphic had agreed to provide certain formatting services to Golfer in conjunction with its publication of two books on the subject of golf. As part of its services, Graphic prepared certain materials that it then turned over to Golfer for use in conjunction with its publishing. Additionally, Graphic retained a copy of the material in a computer file.

Later, a dispute over billing and services between Graphic and the defendants spawned three lawsuits, all of which were subsequently settled. As part of the settlement, the parties, including the plaintiff and the defendants in this action, executed general releases for any action that could have been asserted in the past or the future against each other "upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Release . . . ." The releases also made specific reference to the then pending litigation involving both of the parties herein as well as others. In conjunction with that global settlement, the defendants herein executed a promissory note in favor of the plaintiff in the amount of $70,000. After the parties reached that accord and the note had been signed, Golfer discovered that it had lost the data it had received from Graphic and then requested a copy from the plaintiff, to whom the material had been transferred by Graphic. In response, the plaintiff reported that the material either had been lost or discarded.

Golfer's special defense of lack of consideration is premised on an allegation that the plaintiff's destruction of the material or its failure to turn it over to Golfer constitutes a failure of consideration for the note and release. In response, the plaintiff has argued that it was

not until after the note and general releases had been signed that Golfer discovered it had lost the materials. Thus, the plaintiff argues that its retention of the data could not have been an element of consideration for the promissory note. Additionally, the plaintiff has correctly pointed out that the note, by its terms, sets forth that the consideration for the note was the parties' mutual releases and settlement of claims. We find no mistake in the rendering of summary judgment on the complaint.

### III

The defendants next claim that the court was nevertheless incorrect in rendering summary judgment on the counterclaim. That assertion is based on the defendants' contention that the counterclaim raised, as a genuine issue of material fact, the question of whether the plaintiff wrongfully had retained and either negligently or wilfully failed to turn over the subject data to Golfer. Our review of the release signed by the parties in conjunction with the settlement of their then pending litigation leads us to the conclusion that the clarity and scope of the release language relieving the parties from liability "by reason of any matter, cause or thing whatsoever" arising in the past and in the future bars the defendants from seeking to litigate the issue raised by Golfer's counterclaim. Indeed, we find the language of the subject release to be as "definite and unambiguous" as that found by our Supreme Court to be definite and unambiguous in a similarly worded global settlement document in *Tallmadge Bros., Inc.* v. *Iroquois Gas Transmission System, L.P.*, 252 Conn. 479, 502, 746 A.2d 1277 (2000). Therefore, the court correctly rendered summary judgment on the counterclaim.

### IV

Last, the defendants claim that the court improperly granted prejudgment interest. That argument is based

on the defendants' claim that the plaintiff's offer of judgment had been conditional. While the action was pending, the plaintiff filed an offer of judgment that provided that the plaintiff would take judgment against the defendants in the amount of $37,500 on the condition that Golfer withdraw its counterclaim. Here, the defendants appear to assert two legal claims. In the first instance, they claim that because the offer of judgment was conditioned on the withdrawal by Golfer of its counterclaim, it did not, by its terms, comply with the requirements of General Statutes § 52-192a and Practice Book § 17-14. Additionally, the defendants assert that because the plaintiff actually was a counterclaim defendant, it should have filed an offer of judgment regarding the counterclaim as a defendant pursuant to the terms of Practice Book § 17-11. Neither claim has merit.

Our Supreme Court's recent discussion of the offer of judgment statute is germane to both claims made by the defendants. In *Cardenas* v. *Mixcus*, 264 Conn. 314, 823 A.2d 321 (2003), the court opined that the purpose of § 52-192a "is to encourage pretrial settlements and, consequently, to conserve judicial resources. . . . [T]he strong public policy favoring the pretrial resolution of disputes . . . is substantially furthered by encouraging defendants to accept reasonable offers of judgment. . . . Section 52-192a encourages fair and reasonable compromise between litigants by penalizing a party that fails to accept a reasonable offer of settlement. . . . In other words, interest awarded under § 52-192a is solely related to a defendant's rejection of an advantageous offer to settle before trial and his subsequent waste of judicial resources. . . . Of course, the partial settlement of a case does little for the conservation of our limited judicial resources. Accordingly, the ultimate goal in a multiparty lawsuit is the fair and reasonable settlement of the case on a global basis." (Internal quotation marks omitted.) Id., 321.

Here, the plaintiff's offer of judgment encompassing both the complaint and counterclaim was global, and if it had been accepted, it would have resolved the entire case. In that regard, it contained the same broad feature as an offer of judgment relating to all claims and parties in a multiparty action. Additionally, the condition set forth in the offer of judgment that Golfer withdraw its counterclaim was clear, uncomplicated and related directly to an issue raised by Golfer in a special defense to the complaint. Therefore, the defendants' assertion that the offer of judgment was conditional is incorrect.

Finally, as to the defendants' claim that the offer of judgment on the counterclaim should have been made pursuant to Practice Book § 17-11, which covers offers of judgment made by defendants, we agree with the plaintiff that if it had been required to file two offers of judgment, one as a plaintiff on the complaint and another as a counterclaim defendant, the possible consequence of the defendants accepting one offer while rejecting another would have thwarted, not advanced, the overarching purposes of the offer of judgment statute.

The judgment is affirmed.

In this opinion the other judges concurred.