******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TD BANK, N.A. *v.* ANTHONY H. SALCE, JR., ET AL.
(AC 39342)

Alvord, Mullins and Bear, Js.

*Syllabus*

The plaintiff bank, in 2014, sought to recover on a promissory note executed
by the parties in 2008, claiming that the defendant S had defaulted under
the terms of the note. The return of service stated that the marshal left
the writ, summons, complaint, affidavit, and direction for attachment
at S's usual place of abode in Fairfield. That same day, pursuant to the
statute (§ 52-59b [c]) governing service of process over nonresidents,
the marshal also left two copies of those same documents with the
Secretary of the State, and mailed a copy of them, via certified mail,
return receipt requested, to S's Florida residence. In November, 2014,
S filed a motion to dismiss for lack of personal jurisdiction, which the
trial court denied. The plaintiff thereafter filed a motion for summary
judgment, which was granted by the court in March, 2016, as to liability
only. In June, 2016, after conducting a hearing in damages, the court
rendered judgment for the plaintiff, ordering recovery against S for
$548,557.79 in damages, from which S appealed to this court. *Held*:

1. The trial court did not err in denying S's motion to dismiss for lack of
   personal jurisdiction due to insufficient service of process, the plaintiff
   having met its burden of demonstrating that service of process was
   effectuated pursuant to § 52-59b (c); contrary to S's claim, under § 52-
   59b (c), there is no requirement that S actually received the documents
   constituting process, and the marshal's affidavit here stated that service
   was made upon S, pursuant to § 52-59b (c), by leaving two true and
   attested copies of the process with the Secretary of the State, and
   sending, via certified mail, return receipt requested, a true and attested
   copy of the process to S's Florida address.

2. S could not prevail on his claim that the trial court improperly rendered
   summary judgment in favor of the plaintiff because S's special defense
   of promissory estoppel, which alleged that the plaintiff was estopped
   from prosecuting this action because it had failed or refused to issue
   promised documents after agreeing to a note modification, raised a
   genuine issue of material fact: in support of its conclusion that S had
   not raised genuine issues of material fact concerning the elements of
   promissory estoppel or reliance, the trial court noted that S had stopped
   making payments in 2011, that the settlement discussions between the
   parties held three years later in 2014 were merely a promise to negotiate,
   and that there was no written document that indicated that the note
   ever became part and parcel to any settlement, and the defendant having
   failed to bring forward any evidentiary facts or substantial evidence
   outside of the pleadings from which the material facts alleged in the
   pleadings could be inferred, S failed to establish the existence of a
   disputed issue; furthermore, because S did not dispute the plaintiff's
   claim that S initially stopped making payments on the note in 2011, he
   could not successfully assert as a genuine issue of material fact that he
   stopped making his payments in 2014 in reliance on an alleged loan
   modification agreement offered or discussed for the first time in that
   year.

Submitted on briefs May 19—officially released August 22, 2017

*Procedural History*

Action to recover on a promissory note, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Fairfield, where the defendant John J. Quinn
was defaulted for failure to appear; thereafter, the court,
*Radcliffe, J.*, granted the plaintiff's motion for judgment
as to the defendant John J. Quinn; subsequently, the
court, *Hon. Richard P. Gilardi*, judge trial referee,
denied the named defendant's motion to dismiss; there-

after, the named defendant filed a counterclaim and special defenses; subsequently, the court, *Radcliffe, J.*, granted in part the plaintiff's motion to strike; thereafter, the court, *Radcliffe, J.*, granted in part the plaintiff's motion for summary judgment as to liability on the complaint and the counterclaim; subsequently, following a hearing in damages, the court, *Hon. Edward F. Stodolink*, judge trial referee, rendered judgment for the plaintiff, from which the named defendant appealed to this court; subsequently, the court, *Hon. Richard P. Gilardi*, judge trial referee, issued an articulation of the decision denying the named defendant's motion to dismiss. *Affirmed.*

*James M. Nugent* and *James R. Winkel*, filed a brief for the appellant (named defendant).

*Patrick M. Fryer*, filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this action seeking to collect on a promissory note, the defendant, Anthony H. Salce, Jr.,[1] appeals from the judgment of the trial court, *Hon. Edward F. Stodolink*, judge trial referee, rendered in favor of the plaintiff, TD Bank, N.A. On appeal, the defendant claims that (1) the court, *Hon. Richard P. Gilardi*, judge trial referee, erred in denying his motion to dismiss by improperly placing the burden of proof on him to establish a lack of personal jurisdiction due to ineffective service of process; and (2) the court, *Radcliffe, J.*, erred in granting summary judgment as to liability in favor of the plaintiff because the defendant's second special defense was viable. We disagree and, accordingly, affirm the judgment of the court.

A review of the record reveals the following facts. On April 18, 2008, the parties executed a revolving term promissory note (note) in which the defendant promised to repay the plaintiff $500,000 with interest. The note contained default and demand provisions. In a letter dated July 11, 2014, the plaintiff stated that the defendant was in default under the terms and conditions of the note and demanded payment in full on the outstanding balance.

On September 18, 2014, the plaintiff commenced the present action with a single count complaint to recover payment, alleging that the defendant had defaulted under the terms of the note. The return of service attests that the marshal left the writ, summons, complaint, affidavit, and direction for attachment at the defendant's usual place of abode in Fairfield (Fairfield property). On the same day, the marshal left two copies of those documents with the Secretary of the State and mailed a copy of them, via certified mail, return receipt requested, to the defendant's Naples, Florida residence.

On November 13, 2014, the defendant filed a motion to dismiss for lack of personal jurisdiction, which was denied by Judge Gilardi on January 20, 2015. On January 27, 2016, the plaintiff filed a motion for summary judgment, which was granted as to liability only, by Judge Radcliffe on March 7, 2016. After conducting a hearing in damages on June 7, 2016, Judge Stodolink rendered judgment for the plaintiff, ordering recovery against the defendant for $548,557.79 in damages. This appeal followed. On August 31, 2016, Judge Gilardi issued an articulation on the denial of the motion to dismiss. Additional facts and procedural history will be set forth as necessary.

I

The defendant claims that the trial court erred in denying his motion to dismiss for lack of personal jurisdiction due to insufficient service of process. The defendant presents two arguments in support of his claim. First, he asserts that although he owned the real prop-

erty in Fairfield at which the abode service was made, the Fairfield property was not his usual place of abode. Second, he did not receive the certified mail containing the writ, summons, complaint, affidavit, and direction for attachment at his Florida residence. The plaintiff responds that service of process was properly effectuated by service over a nonresident individual pursuant to General Statutes § 52-59b (c),[2] and by abode service pursuant to General Statutes § 52-57 (a).[3]

We begin by setting forth the applicable standard of review. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue . . . ." (Citation omitted; internal quotation marks omitted.) *Cogswell* v. *American Transit Ins. Co.*, 282 Conn. 505, 516, 923 A.2d 638 (2007). "Because a challenge to the personal jurisdiction of the trial court is a question of law, our review is plenary." *Myrtle Mews Assn., Inc.* v. *Bordes*, 125 Conn. App. 12, 15, 6 A.3d 163 (2010). Moreover, if a challenge to the court's personal jurisdiction is raised by a nonresident defendant, the plaintiff bears the burden of proving the court's jurisdiction. *Knipple* v. *Viking Communications, Ltd.*, 236 Conn. 602, 607, 674 A.2d 426 (1996).

As an initial matter, the defendant did not challenge before the court that § 52-59b (a) authorized personal jurisdiction over him as a nonresident individual so long as its provisions were complied with.[4] In his affidavit, the defendant admitted that he resided in Florida, although he omitted any specific residential address, and that he owned the Fairfield property. He contended, however, that service was not effective because he never received service of process in Florida.[5]

The defendant's claim that he must have received the documents constituting process in order for service to be effective presents a question of statutory construction that requires plenary review. *Doyle Group* v. *Alaskans for Cuddy*, 146 Conn. App. 341, 346, 77 A.3d 880 (2013). "When construing a statute, [a court's] fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, [a court] seek[s] to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs [courts] first to consider the text of the statute itself

and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) Id., 346–47.

Section 52-59b (c) provides in relevant part that, "[t]he process shall be served . . . upon the Secretary of the State . . . at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at the defendant's last-known address, by registered or certified mail, postage prepaid, return receipt requested, a like true and attested copy with an endorsement thereon . . . ." In the present case, the statute does not require what the defendant claims, i.e., that he must receive the documents constituting process in order for service to be effective. The marshal's affidavit states that service was made upon the defendant pursuant to § 52-59b (c) on September 18, 2014, by leaving two true and attested copies of the process with the Secretary of the State and sending, via certified mail, return receipt requested, a true and attested copy of the process to the defendant's Florida address.[6] This is all that § 52-59b (c) requires.

Nonetheless, the marshal's supplemental return included a certified mail return receipt from the delivery of the process to the defendant's Florida address. The return receipt contained a signature in the section designated for the addressee. The plaintiff also submitted a Florida property tax bill and a Florida property appraisal summary, both of which contained the defendant's name and the same Florida address. Additionally, the plaintiff's demand letter dated July 11, 2014, was sent, via certified mail, to this same Florida address, and confirmation of delivery was verified by a signed return receipt.

In his articulation, Judge Gilardi wrote, "[t]he court finds it significant that aside from his two self-serving statements, the defendant did not submit a single affidavit or any documentary evidence in support of his claims not on the record."[7] Furthermore, the court stated, "the plaintiff did submit competent and persuasive evidence . . . in full compliance and satisfaction of the requirements of [§ 52-59b (c)]."[8] We agree with the court that the plaintiff complied with the requirements set forth in § 52-59b (c) when the marshal left the Secretary of the State with two copies of the writ, summons, complaint,

affidavit, and direction for attachment, and mailed a copy of those documents to the defendant's last known address in Florida. On the basis of our review of the record and briefs, we agree with the court that the plaintiff met its burden in demonstrating that service of process was effectuated pursuant to § 52-59b (c).[9]

## II

The defendant also claims that the trial court improperly rendered summary judgment in favor of the plaintiff because his second special defense of promissory estoppel raised a genuine issue of material fact. In his second special defense, the defendant alleged that "[t]he [p]laintiff is estopped from prosecuting this lawsuit in that the [p]laintiff agreed to a note modification and stated that appropriate documentation would be prepared and issued to the [d]efendant, however, the [p]laintiff then failed or refused to issue said documents." The plaintiff contends that the defendant has failed to substantiate his claim and failed to present proper evidence establishing the existence of a genuine issue of material fact.

"The standard of review of a trial court's decision to grant summary judgment is well established. [W]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . This court's review of the trial court's decision to grant summary judgment in favor of the defendants is plenary." (Citation omitted; internal quotation marks omitted.) *Heisinger* v. *Cleary*, 323 Conn. 765, 776–77, 150 A.3d 1136 (2016).

This court has previously held that "a single valid defense may defeat recovery, [and thus a] claimant's motion for summary judgment should be denied when any defense presents significant fact issues that should be tried." (Internal quotation marks omitted.) *Union Trust Co.* v. *Jackson*, 42 Conn. App. 413, 417, 679 A.2d 421 (1996). Conversely, "[i]t is axiomatic that in order to successfully oppose a motion for summary judgment by raising a genuine issue of material fact, the opposing party cannot rely solely on allegations that contradict those offered by the moving party, whether raised at oral argument or in written pleadings; such allegations must be supported by counteraffidavits or other documentary submissions that controvert the evidence offered in support of summary judgment." *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 178, 73 A.3d 742 (2013). See also *Kazlon Communications, LLC* v. *American Golfer, Inc.*, 82 Conn. App. 593, 596, 847 A.2d 1012 (2004) ("it is appropriate for a court to render summary judgment in favor of a plaintiff when the spe-

cial defenses asserted by a defendant are either not legally viable or do not present a genuine issue of a material fact").

"[U]nder the doctrine of promissory estoppel, [a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. A fundamental element of promissory estoppel, therefore, is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance. Thus, a promisor is not liable to a promisee who has relied on a promise if, judged by an objective standard, he had no reason to expect any reliance at all. . . . Further, the promise must reflect a present intent to commit as distinguished from a mere statement of intent to contract in the future. . . . [A] mere expression of intention, hope, desire, or opinion, which shows no real commitment, cannot be expected to induce reliance . . . ." (Citation omitted; internal quotation marks omitted.) *Bellsite Development, LLC* v. *Monroe*, 155 Conn. App. 131, 153A–53B, 122 A.3d 640, cert. denied, 318 Conn. 901, 122 A.3d 1279 (2015). Additionally, "[a]side from demonstrating the existence of a clear and definite promise, a plaintiff asserting a claim of promissory estoppel must also establish two additional elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. . . . It is fundamental that a person who claims an estoppel must show that he has exercised due diligence to know the truth, and that he not only did not know the true state of things but also lacked any reasonably available means of acquiring knowledge." (Internal quotation marks omitted.) *Torringford Farms Assn., Inc.* v. *Torrington*, 75 Conn. App. 570, 576 n.8, 816 A.2d 736, cert. denied, 263 Conn. 924, 823 A.2d 1217 (2003).

In the present case, the defendant's affidavit states that he participated in settlement discussions with "TD Bank and Silverpoint Capital regarding a resolution of all of [his] outstanding obligations to TD Bank." He further states that he "was led to believe that the settlement which was reached encompassed all of [his] loans, including the loan which forms the basis of the lawsuit in this case." As support for his assertion, the defendant provided a copy of a letter that he sent to the plaintiff dated November 12, 2014, listing dates and names of employees whom the defendant spoke with regarding a "note modification for the subject property."

The plaintiff, through an affidavit and business records, countered that the loan modification referred

to by the defendant was for a different loan. The plaintiff also asserted that the defendant stopped making payments in 2011, whereas the alleged loan modification was not discussed, and allegedly did not occur, until 2014.

Regarding the second special defense, Judge Radcliffe determined as a matter of law that "the elements of promissory estoppel have not been met," and that there was, with respect to the claims advanced by the defendant, no genuine issue of fact as to such elements of promissory estoppel or to the defendant's lack of reliance. The court noted in support of its conclusion that the defendant had not raised genuine issues of material fact concerning the elements of promissory estoppel or reliance, that the defendant had stopped making payments in 2011, that the settlement discussions held three years later in 2014 were "merely a promise to negotiate, not a promise to do something concrete," and that "there [was] no written document which indicate[d] that this note ever became part and parcel to any global or, perhaps more accurately, hemispheric settlement." In other words, the defendant had not satisfied his burden of establishing a genuine issue of material fact or that there was any disputed question of law concerning the application of promissory estoppel as set forth in his second special defense.

"[I]t is not enough . . . merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the party to bring forward before trial evidentiary facts, or substantial evidence outside of the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. . . . Mere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." (Internal quotation marks omitted.) *Himmelstein* v. *Windsor*, 116 Conn. App. 28, 45, 974 A.2d 820 (2009), aff'd, 304 Conn. 298, 39 A.3d 1065 (2012). See also *Cadlerock Joint Venture II, L.P.* v. *Milazzo*, 287 Conn. 379, 395, 949 A.2d 450 (2008) ("[b]are assertions, without evidentiary support, are insufficient to raise a genuine issue of material fact").

We are mindful that, "[g]enerally, appellate courts presume that the trial court knows and has applied the law correctly in the absence of evidence to the contrary. . . . [I]t is the burden of the appellant to show to the contrary." (Citation omitted; internal quotation marks omitted.) *Havis-Carbone* v. *Carbone*, 155 Conn. App. 848, 867, 112 A.3d 779 (2015). See also *Iacurci* v. *Sax*, 139 Conn. App. 386, 396, 57 A.3d 736 (2012), aff'd, 313 Conn. 786, 99 A.3d 1145 (2014).

Moreover, a necessary element of promissory estoppel requires that "the other party must change its position in reliance on those facts, thereby incurring some injury." (Internal quotation marks omitted.) *Torringford Farms Assn., Inc.* v. *Torrington*, supra, 75 Conn.

App. 576 n.8. Because the defendant did not dispute, in his affidavit or otherwise, the plaintiff's claim that he initially stopped making payments on the note in 2011, he could not successfully assert as a genuine issue of material fact that he stopped making his payments in 2014 in reliance on an alleged loan modification agreement offered or discussed for the first time in that year.

In summary, we conclude that because the defendant failed to raise a genuine issue of material fact, or to establish that summary judgment was not appropriate as a matter of law, the court properly granted the plaintiff's motion for summary judgment.

The judgment is affirmed.

[1] The codefendant, John J. Quinn, is a nonappearing party. Throughout this opinion, all references to the defendant are to Salce.

[2] General Statutes § 52-59b (c) provides in relevant part: "Any nonresident individual . . . over whom a court may exercise personal jurisdiction, as provided in subsection (a) of this section, shall be deemed to have appointed the Secretary of the State as its attorney and to have agreed that any process in any civil action brought against the nonresident individual . . . may be served upon the Secretary of the State and shall have the same validity as if served upon the nonresident individual . . . personally. The process shall be served by the officer to whom the same is directed upon the Secretary of the State by leaving with or at the office of the Secretary of the State, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at the defendant's last-known address, by registered or certified mail, postage prepaid, return receipt requested, a like true and attested copy with an endorsement thereon of the service upon the Secretary of the State. The officer serving such process upon the Secretary of the State shall leave with the Secretary of the State, at the time of service, a fee of twenty-five dollars, which fee shall be taxed in favor of the plaintiff in the plaintiff's costs if the plaintiff prevails in any such action. The Secretary of the State shall keep a record of each such process and the day and hour of service."

[3] General Statutes § 52-57 (a) provides: "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state."

[4] General Statutes § 52-59b (a) states in relevant part: "[A] court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent . . . (4) owns, uses or possesses any real property situated within the state . . . ."

[5] The defendant has not raised any due process claims in this appeal; see *Cogswell* v. *American Transit Ins. Co.*, supra, 282 Conn. 515 ("this court must determine: first, whether [the applicable state long arm statute] properly applies to the defendant; and, second, if the statutory threshold is met, whether the defendant has the requisite minimum contacts with this state sufficient to satisfy constitutional due process concerns"); therefore, we limit our analysis to whether service of process on the defendant met the requirements of § 52-59b. See *Doyle Group* v. *Alaskans for Cuddy*, 146 Conn. App. 341, 346 n.3, 77 A.3d 880 (2013).

[6] The plaintiff's summons specified a return date of October 14, 2014; thus, service was made before the twelve day statutory requirement.

[7] The defendant attested that (1) he owned the Fairfield property, but it was not his abode; and (2) he never received service of process at his Florida address.

[8] In making this determination, the court seems to suggest that a factual dispute exists between the plaintiff and the defendant as to whether the evidence submitted by the plaintiff satisfied the jurisdictional requirements under § 52-59b (c). Because § 52-59b (c) does not require proof of actual receipt of service of process so long as its requirements are met, whether the plaintiff received service of process is not necessary to our analysis, although we note that the court's finding that the defendant actually received the process has not been challenged as clearly erroneous.

[9] Because we determine that the court properly found that service of

process was effectuated pursuant to § 52-59b, we do not address the issue of abode service under § 52-57 (a).

---